United States Court of Appeals,

Eleventh Circuit.

No. 96-2256.

UNITED STATES of America, Plaintiff-Appellee,

v.

Wayne Thomas Charles VAUTIER, a.k.a. Ian Garfield McKinnon, etc., Defendant-Appellant.

May 11, 1998.

Appeal from the United States District Court for the Middle District of Florida. (No. 91-68-CR-FTM-25D), Elizabeth A. Kovachevich, Judge.

Before COX and HULL, Circuit Judges, and KRAVITCH, Senior Circuit Judge.

HULL, Circuit Judge:

Appellant Wayne Thomas Charles Vautier appeals the district court's denial of his motion to reduce his sentence filed pursuant to 18 U.S.C. § 3582(c)(2). We affirm.

I. FACTS

A. *Original Sentence*

Vautier pled guilty to conspiracy to manufacture and possess with intent to distribute 100 or more marijuana plants in violation of 18 U.S.C. § 846, possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and conspiracy to use intimidation and threats and/or corruptly persuading another person to influence the testimony in an official proceeding in violation of 18 U.S.C. §§ 371 and 1512(b)(1). At sentencing, the district court found Vautier responsible for 465 marijuana plants and 206 grams of hashish oil. Under the sentencing guidelines, the marijuana plants and hashish oil were converted into a marijuana equivalency of 475.10 kilograms, giving Vautier a base offense level of 28. *See* U.S.S.G. § 2D1.1 (1992).

The district court made several adjustments to Vautier's offense level. The district court adjusted Vautier's offense level upward four levels for his role in the offense and two levels for obstruction of justice. The district court also adjusted the offense level downward two levels for acceptance of responsibility, giving Vautier an adjusted offense level of 32. On the Government's 5K2.1 motion, the district court departed upward six levels for Vautier's causing the death of his brother during the commission of a drug trafficking offense. On the Government's 5K1.1 motion for substantial assistance, the district court departed downward eight levels, making Vautier's final total offense level 30.[1] The court sentenced Vautier to a total of 120 months.[2] Vautier's sentence was affirmed on direct appeal. *United States v. Vautier,* 36 F.3d 93 (11th Cir.1994) (table).

B. *Amendment 516*

Two years later, the Sentencing Commission adopted Amendment 516, which reduced the weight equivalent per plant from 1,000 grams to 100 grams of marijuana. *See* U.S.S.G. § 2D1.1(c) (1995). Under Amendment 516, the total weight of marijuana attributable to Vautier for sentencing purposes would be reduced to 47.8 kilograms, resulting in a base offense level of 20, as opposed to the base offense level of 28 at sentencing. The Sentencing Commission expressly provided that Amendment 516 have retroactive effect. *See* U.S.S.G.App. C, amend. 516.

---

[1]At the sentencing hearing, the government moved for a two-level downward departure based on Vautier's substantial assistance. The district court granted this motion, which should have resulted in an offense level of 36 and sentencing guideline range of 188 to 235 months. However, without restating the specific number of levels it intended to depart for substantial assistance, the court imposed a sentence of 120 months. On appeal, the parties do not address this discrepancy and assume the court imposed an eight-level downward departure for substantial assistance. Thus, for purposes of this appeal, we assume that the court granted an eight-level downward departure for substantial assistance, arriving at a total offense level of 30.

[2]Since Vautier fell within a criminal history category of I, the applicable sentencing range for his total offense level of 30 was 97 to 121 months.

2

A defendant serving a prison sentence may seek a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) if the guideline range applicable to that defendant is lowered as a result of Amendment 516. U.S.S.G. § 1B1.10 (1995). Based on Amendment 516, Vautier filed a motion to reduce his sentence pursuant to § 3582(c)(2). The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations with went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." On appeal, Vautier argues that the district court erred in denying his § 3582(c)(2) motion to reduce his sentence.[3]

## II. DISCUSSION

We first review § 3582(c)(2) and Sentencing Guideline 1B1.10, which govern the district court's consideration of defendant's motion.

A. *Section 3582(c)(2)*

Section 3582(c)(2) addresses reductions in sentences when the sentencing range has been lowered and provides as follows:

The court may not modify a term of imprisonment once it has been imposed except that—

...

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[3]We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion. *See United States v. Cothran,* 106 F.3d 1560, 1562 (11th Cir.1997).

3

18 U.S.C. 3582(c)(2). In construing § 3582(c)(2), this court has held that "[w]hen a sentencing guideline is amended to benefit an offender and retroactive application is authorized, the district court may reduce the previously imposed sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.' " *United States v. Brown,* 104 F.3d 1254, 1255 (11th Cir.1997) (quoting in part 18 U.S.C. § 3582(c)(2)).

Section 1B1.10(b) of the Sentencing Guidelines requires the district court to consider what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced, as follows:

(b) In determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced.

U.S.S.G. § 1B1.10(b).[4] The commentary accompanying U.S.S.G. § 1B1.10(b) instructs the court that "[i]n determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected." U.S.S.G. § 1B1.10, comment. n. 2.

Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2). *See United States v. Brown,* 104 F.3d 1254, 1255 (11th Cir.1997); *United States v. Wyatt,* 115 F.3d 606, 608-09 (8th Cir.1997). First, the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact. U.S.S.G. § 1B1.10(b),

---

[4]Section 1B1.10 states in full:

(a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

(b) In determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced.

(c) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, and 516.

5

comment. n. 2; *see also Wyatt,* 115 F.3d at 609 (holding that district court must leave intact "all other previous factual decisions concerning particularized sentencing factors"). Second, in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence.

B. *Vautier's Motion*

Vautier first contends that the district court was required to grant his motion to reduce his sentence. We disagree. Although the district court must undertake the two-step analysis outlined above, the district court is not required to reduce the defendant's sentence. *See United States v. Vazquez,* 53 F.3d 1216, 1227-28 (11th Cir.1995). Both the language of § 3582(c)(2) and this circuit's precedent indicate that the sentencing court's power to reduce a sentence is discretionary. *See* 18 U.S.C. § 3582(c)(2) (stating that court "may reduce the term of imprisonment"); *United States v. Cothran,* 106 F.3d 1560, 1562 (11th Cir.1997) ("A court's power to reduce sentences under § 3582(c)(2) is discretionary.").

In the alternative, Vautier argues that the statutory grant of discretionary authority in § 3582(c) is ambiguous and thus, the rule of lenity should apply. The rule of lenity requires that actual ambiguities in criminal statutes, including sentencing provisions, be resolved in favor of criminal defendants. *United States v. Lazo-Ortiz,* 136 F.3d 1282, 1286 (11th Cir.1998). Vautier's contention on this point also lacks merit. The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary.

Vautier next argues that the district court was required to apply its previous eight-level downward departure to the amended guideline when considering what sentence it would have imposed under the amended guideline. It is clear that the court was required to substitute the

6

amended guideline range for the originally applied guideline range and consider what sentence it would have imposed.  To date, this court has not addressed whether, as part of this consideration, the district court must re-apply a downward departure granted at the original sentencing.

Vautier contends U.S.S.G. § 1B1.10 requires the district court to apply the original adjustments and departures, but this time to a new starting point—the base offense level under the amended guideline.  Thus, according to Vautier, the district court in his case was required to apply all the adjustments and departures made at his original sentencing, including the eight-level downward departure, to his new base offense level of 20 under the amended guideline to arrive at a total offense level of 22 and a sentencing range of 41 to 51 months.[5]

This precise issue was addressed correctly by the Eighth Circuit in *United States v. Wyatt,* 115 F.3d 606, 610 (8th Cir.1997).  *Wyatt* held that the district court is not bound to honor its original downward departure when considering what sentence it would have imposed had the amended guideline been in effect at the time of sentencing.  In *Wyatt,* 980 marijuana plants were attributed to the defendant for sentencing purposes.  115 F.3d at 607.  The defendant's sentence was determined after the district court granted the government's 5K1.1 motion for a downward departure for substantial assistance.  *Id.* Following the enactment of Amendment 516, the defendant moved to modify his sentence pursuant to § 3582(c)(2).  *Id.* at 608.  The defendant argued "that applying

---

[5]The parties do not dispute that Vautier's base offense level under the amended guideline would be 20.  Applying a four-level upward adjustment for the role in the offense, a two-level upward adjustment for obstruction of justice, and a two-level downward adjustment for acceptance of responsibility, Vautier's adjusted offense level would be 24.  With a criminal history category of I, Vautier's amended guideline range would be 51-63 months.  Under Vautier's argument, the court then would be bound to apply the six-level upward departure for causing his brother's death and the eight-level downward departure for substantial assistance for a total offense level of 22.

Amendment 516 entitle[d] him to a new point from which departure should occur, and ... that he [was] entitled to a departure from this new Guideline range ... proportionally equal to the departure granted at the original sentencing." *Id.* The Eighth Circuit disagreed, explaining that, although the commentary to U.S.S.G. § 1B1.10 states that "all other guideline application decisions remain unaffected" when the court considers what sentence it would have imposed had the amended guideline been in effect at the time of the original sentencing, a discretionary decision to permit a downward departure from the amended guideline range for substantial assistance is not such a "guideline application decision," as follows:

> The Guidelines instruct that when a district court considers what sentence it would have imposed had the amendment been in effect at the time of the original sentencing, the court considers the amended Guidelines provision, but "[a]ll other guideline decisions remain unaffected." A discretionary decision to depart from the Guidelines range on the basis of substantial assistance made at the original time of sentencing is not a "guideline application decision" that remains intact when the court considers the new Guideline range. The district court's discretionary decision of whether to depart from the new amended Guidelines range based upon Wyatt's prior substantial assistance is not dictated or mandated by either its prior decision to depart or by the extent of the prior departure, because "the benefit accruing from a lowered sentence range is independent of any substantial-assistance considerations." The district court retains unfettered discretion to consider anew whether a departure from the new sentencing range is now warranted in light of the defendant's prior substantial assistance.

*Id.* at 610 (citations omitted).

We find the reasoning of the Eighth Circuit persuasive and hold that a district court, ruling on a defendant's § 3582(c)(2) motion, has the discretion to decide whether to re-apply a downward departure for substantial assistance when considering what sentence the court would have imposed under the amended guideline. This conclusion is supported by the Sentencing Commission's latest amendment to U.S.S.G. § 1B1.10, which provides in the commentary, *inter alia,* that "[w]hen the original sentence represented a downward departure, a comparable reduction below the amended guideline range *may* be appropriate; ..." *See* U.S.S.G. § 1B1.10, comment. n. 3. (emphasis supplied).

8

The negative inference of this permissive language indicates that a downward departure may also be inappropriate. Thus, whether to consider a downward departure in determining what sentence the court would have imposed under the amended guideline remains discretionary, and the court is not bound by its earlier decision at the original sentencing to depart downward from the sentencing guidelines range.

The district court also correctly considered the § 3553 factors in ruling on Vautier's motion.[6] In support of its decision not to reduce Vautier's sentence, the district court cited "defendant's demonstrated violence and ... all the other considerations that went into the establishment of this defendant's sentence." At the original sentencing hearing, the district court's primary considerations in determining Vautier's sentence included Vautier's psychiatric condition and his need for long-term psychiatric treatment, his history of substance abuse, and his killing of his brother (who was also involved in growing the marijuana plants) while under the influence of drugs.

These considerations are clearly relevant to the first two factors listed in § 3553(a): the history and characteristics of the defendant and the need for the sentence imposed to protect the public and provide the defendant with medical (e.g., psychiatric) treatment. *See* 18 U.S.C. §

---

[6]The § 3553(a) factors that must be considered by the district court in ruling on a defendant's § 3582(c)(2) motion to reduce his sentence include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a). Although the district court must consider these factors, the court is not required to articulate specifically the applicability, if any, of each factor, as long as the record as a whole "demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf,* 126 F.3d 1318, 1322 (11th Cir.1997), *cert. denied,* --- U.S. ----, 118 S.Ct. 1204, --- L.Ed.2d ---- (1998).

9

3553(a)(1) & (2). Considering that the district court's order specifically referenced these earlier findings, which were relevant to the necessary § 3553(a) inquiry, and that these findings were supported by the record, the district court gave sufficient reasons for its decision not to reduce Vautier's sentence. *See Eggersdorf,* 126 F.3d at 1323 (finding sufficient reasons provided in district court's short order referencing Government's brief that enumerated specific elements relevant to § 3553(a) inquiry).

Therefore, although the district court's order ruling on Vautier's motion is brief, a review of the entire record demonstrates that the district court properly undertook the two-step inquiry in deciding not to reduce Vautier's sentence. Consequently, we conclude that the district court did not abuse its discretion in denying Vautier's motion to reduce his sentence.[7]

AFFIRMED.

---

[7]Likewise, we conclude that the district court did not abuse its discretion in considering evidence from Vautier's original sentencing hearing in ruling on the motion to reduce his sentence. Vautier's reliance upon *United States v. Townsend,* 55 F.3d 168 (5th Cir.1995) is misplaced. *Townsend* involved a district court's refusal to resentence a defendant based on testimony given in a hearing involving one of the defendant's co-conspirators. The Fifth Circuit found this problematic because the defendant was not given advance notice so that he could contest the testimony. In this case, the district court relied on evidence from Vautier's own sentencing hearing, which Vautier and his counsel attended and during which Vautier had an opportunity to, and did in fact, contest many issues and present rebuttal evidence. The concerns raised in *Townsend* are not present in this case.

Furthermore, contrary to Vautier's assertions, " § 3582(c)(2) and related sentencing guidelines do not contemplate a full *de novo* resentencing." *See United States v. Cothran,* 106 F.3d 1560, 1562-63 (11th Cir.1997). The commentary to U.S.S.G. § 1B1.10(b) directs the district court only to substitute the amended guideline for the original guideline applied to the defendant and to leave all other guideline applications intact. "We think it implicit in this directive that the district court is to leave all of its previous factual decisions intact when deciding whether to apply a guideline retroactively." *Id.* at 1563 (quoting *United States v. Adams,* 104 F.3d 1028, 1030-31 (8th Cir.1997)).

10