[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13804
Non-Argument Calendar

_____

D.C. Docket No. 93-00022-CR-DF-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON MANUEL JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 4, 2005)

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Aaron Manuel Joseph, proceeding pro se, appeals the district court's denial

of his motion to reduce sentence, in light of Amendment 599 and U.S.S.G. §

1B1.10(c), pursuant to 18 U.S.C. § 3582(c)(2). Because the district court had the discretion to reduce Joseph's sentence and did not abuse its discretion by choosing not to reduce his sentence, we **AFFIRM**.

## I. BACKGROUND

A jury convicted Joseph of conspiracy to commit bank robbery and armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), (e) and 371 (counts 1 and 2); kidnaping during a bank robbery, in violation of 18 U.S.C. § 2113(e) (count 3); use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (count 4); and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (count 5). R1-99, 121. According to the presentence investigation report ("PSI"), Joseph and three co-defendants, Ryan Joseph, Charles Joseph, and Watson Dilbert (collectively "the co-defendants"), were involved in a bank robbery during which they took Connie Norris, the bank's assistant branch manager, hostage. PSI ¶ 9. The co-defendants entered the bank armed with semi-automatic weapons, obtained $79,805, and used Norris as a shield while exiting the bank. Id. ¶¶ 9, 13. They forced Norris into the getaway car, driven by Joseph, and a high-speed chase ensued, during which the co-defendants pointed their guns at Norris. Id. ¶¶ 10, 13. During the chase, the car became airborne and landed on a railroad track. Joseph and the co-defendants left Norris in the car and fled on

2

foot. They fired several shots at officers during the foot pursuit but were eventually caught. Id. ¶¶ 10,11. Joseph received a seven-level increase in his offense level for discharge of a firearm pursuant to U.S.S.G. § 2B3.1(b)(2)(A). R1-117.

The district court sentenced Joseph to a total prison term of 270 months, which reflected concurrent terms of 60 months on count one, 210 months on count two, 210 months on count three, and 120 months on count five, and a consecutive term of 60 months on count four. R1-121. Joseph appealed his sentence, arguing that the district court "double counted" when it sentenced him under § 924(c) and U.S.S.G. § 2B3.1(b)(2)(a). R1-134 at 2. We affirmed his sentence because the enhancement did not involve the same firearm or possession for which a penalty was imposed under § 924(c), and his sentence could be enhanced based on the possession of firearms by his coconspirators.

Joseph filed a motion to modify his sentence and asserted that as a result of Amendment 599, which applied retroactively, his offense level should have been reduced by seven levels, which would have resulted in a reduced guideline range of 78-97 months. R2-254. He also contended that with Amendment 599, his sentence would be a minimum of 180 months total. R2-257 at 3. He asserted that Blakely v. Washington, 125 S. Ct. 21 (2004), applies to his case and renders

application of 18 U.S.C. § 3553(a) unconstitutional as applied to him. He argued that § 3553(a) factors could not be used as grounds to deny his motion.[1]

The district court denied Joseph's motion. The court recalculated Joseph's offense level and determined that, as a result of a mandatory minimum sentence for count three, the guideline sentence would be 120 months of imprisonment plus a consecutive 60-month term for count four. As a result, with Amendment 599, Joseph's sentence would be a total of 180 months. The court considered the factors listed in § 3553(a), noted the nature and circumstances of the offense, and stated that it was "a concern of [the] [c]ourt that a sentence in this case protect the public from future crimes of the defendant as well as afford adequate deterrence." R2-256 at 4. The court indicated that it was not required to reduce Joseph's sentence and declined to do so, specifically finding that "the original sentence as imposed is appropriate considering the brutality of this particular offense, the propensity for dangerous conduct shown by the defendant, and the necessity to protect the public from further crimes of the defendant." Id.

---

[1]Joseph's argument, by way of reply, was not filed until 19 July 2004, one week after the district court denied his motion. See R2-256; R2-257.

## II. **DISCUSSION**

Joseph argues that the district court erred in denying his motion to modify his prison term by basing its decision on "the manner in which the crime was committed when the jury did not find the [aggravating] factor beyond a reasonable doubt." Appellant's Brief at 6. Joseph asserts that, in light of Blakely, the application of § 3553(a) is unconstitutional as applied to him and may not be used as grounds to deny his motion. He contends that the district court failed to show how it would have imposed the same sentence absent the § 2B3.1(b)(2)(A) enhancement and provided no authority justifying a sentence imposed outside of the guideline range. He argues that the district court's application of the seven-level firearm increase was not a harmless error because it significantly increased the applicable guideline range. He asserts that although the district court's authority to modify his sentence is discretionary, the court is not entitled to abuse its discretion, and that he should not be penalized for conduct already considered. He posits that the district court based its denial of his motion on factors for which he was already punished. He asserts that the district court covertly imposed an upward departure from the guidelines without informing him of its intentions to go outside of the required sentencing range.

Joseph also argues that the seven-level enhancement is not precluded from consideration because he is seeking modification of his sentence, and he was punished twice for the same conduct. He asserts that once the district court found that Amendment 599 applied to his sentence, it acknowledged that he was sentenced in violation of the law.

"We review a district court's decision to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion." United States v. Vautier, 144 F.3d 756, 759 n. 3 (11th Cir. 1998). "The abuse of discretion standard has been described as allowing a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." United States v. Kelly, 888 F.2d 732, 745 (11th Cir. 1989). A court is authorized to modify a sentence when:

> a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Before deciding to reduce a defendant's sentence under § 3582(c)(2), the court must: (1) "substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed;" and (2)

6

"consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Vautier, 144 F.3d at 760. "Both the language of § 3582(c)(2) and this circuit's precedent indicate that the sentencing court's power to reduce a sentence is discretionary." Id. Section 3553(a) provides that, in imposing a sentence, the district court must consider factors including the nature and circumstances of the offense, and the need for the sentence to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (2)(C).

Guidelines Amendment 599 clarified the policy against double-counting a firearm under 18 U.S.C. § 924(c), and under a weapon enhancement for the underlying offense guideline. See U.S.S.G. App. C, Amendment 599 (2000). Amendment 599 provides that

> [i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any . . . weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c). . . .

U.S.S.G. App. C, Amendment 599 (2000). Amendment 599 is retroactively applicable. See U.S.S.G. § 1B1.10(a), (c).

As a preliminary matter, United States v. Booker, 125 S. Ct. 738, ___ (2005), which extended the holding of Blakely to the federal sentencing guidelines, is not applicable in this case because § 3582(c)(2) authorizes only modification of a sentence as a result of an amendment to the guidelines made retroactive by the Sentencing Commission and is not a means to attack the constitutionality of a sentence. To the extent Joseph argues that use of § 3553(a) is unconstitutional, Booker does not affect a court's ability to consider the factors of § 3553(a) in determining an appropriate sentence. See Booker, 125 S. Ct. at 757 (stating that courts can "tailor [a] sentence in light of . . . statutory concerns" other than the guidelines ranges).

The district court had the discretion to reduce Joseph's sentence and did not make a clear error of judgment by denying his motion. The court first determined that Joseph's sentence would be a total of 180 months of imprisonment with Amendment 599. See R2-256 at 2-3. Additionally, the record reflects that the district court considered the factors listed in § 3553(a) in determining whether to reduce Joseph's sentence, specifically discussing the factors related to protecting the public from a defendant's future crimes and affording adequate deterrence.

The court properly recognized that it was not required to reduce Joseph's sentence and opted not to do so, concluding that his original sentence was more appropriate given the nature of the offense and the need to protect the public from Joseph's further crimes.

## III.  <u>CONCLUSION</u>

Because the district court's decision is not a clear error of judgment, the court did not abuse its discretion by denying Joseph's motion.  Accordingly, we **AFFIRM.**