[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**September 14, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-12459
Non-Argument Calendar

D. C. Docket No. 96-10006-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY LEE JONES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(September 14, 2005)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

In United States v. Jones (Jones I), Nos. 96-5089 and 97-4285 (11th Cir.

1997) (unpublished), we affirmed appellant's convictions on all counts of a four-

count indictment: Count I, possession of marijuana, in violation of 21 U.S.C. § 841(a); Count II, carrying a firearm (a short-barreled shotgun) during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), (B)(i); Count III, being a felon in possession of a firearm, in violation of 922(g)(1); and Count IV, possession of an unregistered, short-barreled shotgun, in violation of 26 U.S.C. §§ 5861(d) and 5871. In appealing, appellant did not challenge his sentences: concurrent prison terms of 108 months on Counts I, III, and IV, and a consecutive prison sentence of 120 months on Count II, which 18 U.S.C. § 924(c)(1)(D)(ii) required the court to impose in this case.

Appellant subsequently moved the district court pursuant to 18 U.S.C. § 3582(c)(2) to modify his "sentence" based on Amendment 599 of the Sentencing Guidelines.[1] He argued that, under the Amendment, the district court should not have enhanced his Count I offense level for possession of a firearm because he received a separate, consecutive sentence of 120 months' imprisonment under Count II for the same conduct.[2] The court summarily denied his motion and he appealed. We vacated the court's judgment and remanded the case with the

---

[1] As we indicate infra, Amendment 599 only applies to appellant's Count I sentence. Appellant's motion, however, appeared to seek resentencing on Counts III and IV as well.

[2] Appellant implied that had the court not made the enhancement, its sentence on Count I would have been less than 108 months, and its sentences on Counts III and IV would have been less as well.

instruction that the court engage in the two-part approach to a § 3582(c)(2) motion called for by United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), i.e., by (1) reassessing the defendant's sentencing package under the Guidelines, as amended, and (2) considering the sentencing factors of 18 U.S.C. § 3553(a). United States v. Jones (Jones II), No. 02-16340 (11th Cir. 20023) (unpublished).

On remand the district court followed our instructions and, after doing so, denied appellant's motion. See Order dated May 4, 2004. Appellant now appeals, contending, among other things, that the court erred in fixing the sentence range for Count I and implying that this error materially taints his sentences on Counts III and IV.

We "review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion." United States v. Vautier, 144 F. 3d at 759 n.3. As noted above, the district court followed Vautier's two-step approach. The court may have erred, however, in determining the sentence range for Count I. The error, which we will assume occurred, had to do with appellant's Criminal History Category, not his base offense level; the court should have used category IV instead of V in determining the sentence range.

As indicated in its judgment of conviction in this case, the sentences the court imposed on Counts I, III, and IV exceeded the sentence ranges prescribed by

3

the Guidelines. The guideline for the Count I marijuana offense[3]—at offense level 8, see U.S.S.G. § 2D1.1(a)(3)(C)(17) and (b)(3), and category V—called for a sentence of 15 to 21 months' imprisonment. The sentence appellant received, though, was 108 months, a substantial upward departure. The guideline for the Counts III and IV firearm offenses—at offense level 22, see U.S.S.G. § 2K2.2(a)(3), and category V—called for a sentence of 77 to 96 months' imprisonment. Like the sentence on Count I, the sentences appellant received on those counts, 108 months, constituted substantial upward departures.

Appellant did not appeal any of his sentences in Jones I. Therefore, they are lawful as a matter of law, subject only to the application of Amendment 559. On remand, as we indicate above, the district court applied Amendment 599 in accordance with Jones II's mandate; honoring the Amendment, it calculated the base offense level for Count I without using the Special Offense Characteristic, U.S.S.G. § 2D1.1(b)(1), for possession of a firearm. This lowered the sentence range for that count. Since Amendment 599 has no application to Counts III and IV, the offense level the court used for those counts, 22, was correct.[4]

---

[3] Count I involved the possession of 41.7 grams of marijuana.

[4] As is the case with Count I, the court applied the wrong Criminal History Category, V instead of IV. Had it used IV, the sentence range for Counts III and IV would have been 63 to 78 months, not 77 to 96 months. In either event, the sentences on those counts constitute upward departures.

The question thus becomes whether, after complying with our mandate—redetermining the sentence ranges and considering the sentencing factors of 18 U.S.C. § 3553(a)—the court would have imposed the same sentences appellant initially received. There is no doubt that he would have been sentenced to 120 months' imprisonment on Count II and that such sentence would have been consecutive to the sentences on Counts I, III, and IV. The court departed upwardly from the guideline ranges on Counts I, III, and IV because appellant's criminal history under indicated his potential for recidivism. After considering the sentencing factors of § 3553(a)—in particular § 3553(a)(2) (C), the need for the sentence "to protect the public from further crimes of the defendant"—the court concluded that the sentences initially imposed were appropriate.[5] We find no abuse of discretion in the court's conclusion that the sentences were appropriate and thus its decision to deny appellant's dd 3582(c)(2) motion.

AFFIRMED.

---

[5] In its order of May 4, 2004, denying appellant's motion, the court stated:
> Applying the § 3553(a) factors to Jones leads this Court to decline to exercise its discretion to reduce Jones' term of imprisonment. Jones' criminal history category significantly under-represented the seriousness of the defendant's criminal history and/or the likelihood that the defendant will commit further crimes.