[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2005
THOMAS K. KAHN
CLERK

No. 05-12854
Non-Argument Calendar

_____

D. C. Docket No. 96-00565-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALBERTO PRIETO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 15, 2005)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

In United States v. Prieto, 232 F.3d 816 (11th Cir. 2000) ("Prieto I"), we

affirmed Carlos Alberto Prieto's convictions, imposed pursuant to a jury verdict, for

conspiracy to steal computer equipment and transport it in foreign commerce, in violation of 18 U.S.C. §§ 2314 and 371 (Count 3); two counts of attempting to rob a United Parcel Service ("UPS") truck by force, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts 4 and 6); and two counts of using and carrying a firearm during and in relation to a crime of violence (the attempted robberies), in violation of 18 U.S.C. §§ 924(c) and 2 (Counts 5 and 7). In his direct appeal, Prieto did not challenge his sentence consisting of a total term of 378 months' imprisonment, followed by three years' supervised release. The sentence included three concurrent terms of 78 months' imprisonment for Counts 3, 4 and 6; a 60-month consecutive term as to Count 5; and a separate 240-month consecutive term as to Count 7. In calculating the 78-month terms, the district court imposed a 5-level enhancement to Prieto's offense level for possession of a firearm in connection with a crime of violence, under U.S.S.G. § 2B3.1(b)(2)(C).

In March 2005, proceeeding pro se, Prieto filed a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), arguing that (1) his sentence should be reduced based upon Amendment 599 to the Sentencing Guidelines, and (2) his conviction and 240-month consecutive sentence on Count 7 were "fatally flawed" as they were based on the same firearm possession as his conviction and 60-month term on Count 5. The government conceded that Amendment 599 foreclosed the five-level

enhancement where Prieto also had received separate consecutive sentences for violations of § 924(c) and submitted that it was within the district court's discretion to reduce Prieto's sentence.

The district court granted Prieto's § 3582 motion and recalculated Prieto's sentence without the five-level increase, which resulted in an overall 27-month decrease in Prieto's total term of imprisonment. Thus, Prieto received a 351-month total sentence. Prieto then filed this appeal, "Prieto II," arguing that the district court erred by failing to address the merits of his § 3582 motion.[1] More specifically, Prieto contends the district court erred by failing to vacate his 240-month sentence on Count 7, which he asserts was based on the same underlying conduct as his conviction for Count 5.[2] After careful review, we affirm.

We review a district court's decision to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion. United States v. Vautier, 144 F.3d 756, 759 n. 3 (11th Cir. 1998). Abuse-of-discretion review

---

[1]To the extent Prieto raises new issues not related to Amendment 599, including his Double Jeopardy argument and his challenge to the district court's jury instructions at trial, those claims are outside the scope of § 3582(c)(2), which concerns sentencing ranges lowered by the Sentencing Commission under 28 U.S.C. § 994(o). Accordingly, we will not address those arguments.

[2]We are unpersuaded by Prieto's argument that the district court erred by failing to allow him to file a reply to the government's response to his motion. By its own terms, § 3582(c)(2) provides that a district court may reduce a sentence on its own motion, thereby negating Prieto's suggestion that he has the right to file a response in such a proceeding.

recognizes the range of possible conclusions the trial judge may reach. By definition . . . under the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call. That is how an abuse of discretion standard differs from a <u>de novo</u> standard of review. As we have stated previously, the abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.

<u>United States v. Frazier</u>, 387 F.3d 1244, 1259 (11th Cir. 2004) (<u>en banc</u>) (internal quotation marks and citations omitted), <u>cert. denied</u>, 125 S. Ct. 2516, 161 L. Ed. 2d 1114 (2005).

Under § 3582(c)(2), a court is authorized to modify a sentence when:

a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "Both the language of § 3582(c)(2) and this circuit's precedent indicate that the sentencing court's power to reduce a sentence is discretionary." <u>Id.</u>

Amendment 599, which clarified the policy against double-counting a firearm both (1) under 18 U.S.C. § 924(c) <u>and</u> (2) for purposes of a weapons enhancement for the underlying offense Guidelines range, provides the following:

4

[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any . . . weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c).

U.S.S.G. App. C, Amendment 599 (2000). Amendment 599 is retroactively applicable and therefore applies to Prieto. See U.S.S.G. § 1B1.10(a), (c).

Thus, under § 3282(c)(2), the district court had the discretion to reduce Prieto's sentence and grant Prieto relief in the form of applying Amendment 599 to his case. The court correctly determined that the five-level increase under U.S.S.G. § 2B3.1(b)(2)(C) did not apply to Prieto because he also was convicted in separate counts for use of a firearm during and in furtherance of a crime of violence. See U.S.S.G. App. C, Amendment 599 (2000). Moreover, the district court correctly calculated Prieto's modified Guidelines range after the five-level enhancement was removed.

We reject Prieto's suggestion that he was entitled to additional relief in the form of a vacation of his 240-month consecutive sentence on Count 7, pursuant to §

5

3582(c)(2). His argument -- that the criminal conduct underlying Counts 5 and 7 was the same -- simply is not a basis for relief under § 3582(c)(2) because it does not concern an amendment to the Guidelines. Prieto received all of the relief to which he was entitled under Amendment 599. On this record, we can find no abuse of discretion in the district court's disposition of Prieto's § 3582(c)(2) motion.

**AFFIRMED**.