[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11002
Non-Argument Calendar

_____

D. C. Docket No. 01-00201-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY MAURICE THORPE,
a.k.a. Richard F. Williams,
a.k.a. Joseph Taylor,
a.k.a. Joenathan Leon Hayward,
a.k.a. Vincent Jerome Mobley,
a.k.a. Corey Ricky Thorpe,
a.k.a. Tony Thorpe,
a.k.a. Ricky Rat,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 23, 2006)

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Ricky Maurice Thorpe, a pro se federal prisoner, appeals the district court's denial of his motion seeking modification of his term of imprisonment, pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Thorpe argues that, pursuant to Amendment 599 to the Sentencing Guidelines, his offense level for a crime of unlawful possession of a firearm during the commission of a drug trafficking crime could not be increased by three levels based on a past conviction for possession of a firearm by a convicted felon. Accordingly, he argues that his sentence should be recalculated without the "three level enhancement" to his criminal history category that he received for his 1994 conviction for possession of a firearm by a convicted felon.

We review a district court's decision of whether to reduce a sentence pursuant to § 3582(c)(2) for an abuse of discretion. United States v. Vautier, 144 F.3d 756, 759 n. 3 (11th Cir. 1998). According to § 3582(c)(2), a district court is permitted to modify a defendant's sentence if his sentencing range has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). 18 U.S.C. § 3582(c)(2).

Amendment 599 became effective November 1, 2000, and amended the

2

commentary to U.S.S.G. § 2K2.4. U.S.S.G. App. C, Amendment 599. Section 2K2.4 sets forth a base offense level for individuals who have violated, inter alia, 18 U.S.C. § 924(c). U.S.S.G. § 2K2.4. Amendment 599 provides that, "[i]f a sentence under [§2K2.4] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristics for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. App. C., Amendment 599.

Because Amendment 599 to the Sentencing Guidelines was in effect and used by the district court in sentencing Thorpe, the district court did not abuse its discretion in denying Thorpe's motion to reduce his sentence based upon that amendment. In addition, Thorpe's argument fails on the merits because Amendment 599 only applies to specific offense characteristics, and not to criminal history points. See U.S.S.G. App. C, Amendment 599. The amendment neither specifically amends any parts of the guidelines pertaining to criminal history points, nor makes references to those sections. In the instant case, the three criminal history points were for a 1994 conviction that was unrelated to the offense conduct giving rise to Thorpe's conviction at issue on appeal. As there was no abuse of discretion, the judgment of the district court is

AFFIRMED.