[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11575
Non-Argument Calendar

_____

D. C. Docket No. 01-06004-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY PARRISH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 31, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Gregory Parrish appeals pro se his sentence of imprisonment for 100 months

after the district court reduced <u>sua sponte</u> Parrish's original sentence of imprisonment for 120 months for his drug and robbery crimes. 18 U.S.C. § 3582(c)(2); United States Sentencing Guidelines § 2D1.1(c) (Nov. 2007). Parrish argues for the first time on appeal that the district court abused its discretion by treating the amended guideline range as mandatory. We affirm.

## I. BACKGROUND

Parrish was convicted in 2001 for conspiracy to possess with intent to distribute at least five grams of crack cocaine, 21 U.S.C. §§ 846, 841(a)(1); possession with intent to distribute crack cocaine, <u>id.</u> § 841(a)(1); attempted robbery, 18 U.S.C. § 2112; and possession of a firearm in furtherance of a drug trafficking offense, <u>id.</u> § 924(c). The district court sentenced Parrish to concurrent terms of 120 months of imprisonment for his drug and robbery crimes. The court also sentenced Parrish to a mandatory term of 60 months of imprisonment for his firearm crime to run consecutive to the 120-month sentences.

In March 2008, the district court ordered <u>sua sponte</u> the government to explain why Parrish was not entitled to a reduction of his sentence. <u>See</u> 18 U.S.C. § 3582(c)(2). The government conceded that Parrish was entitled to a two-level reduction of his base offense level that provided a sentencing range between 100 and 125 months of imprisonment. <u>See</u> U.S.S.G. App. C, Amend. 713 (Supp. May

1, 2008); id. App. C, Amend. 706 (Nov. 2007). The district court sentenced Parrish sua sponte at the low end of the guideline range to 100 months of imprisonment for his drug and robbery crimes to run consecutive to the 60 months of imprisonment imposed for Parrish's firearm crime. The court stated that it considered a sentence at the low end of the guidelines to be "reasonable and sufficient."

After the district court filed its sentencing order, the court received a letter from Parrish. In the letter, Parrish asked the court to consider the disparity between the treatment of crack and powder cocaine offenses under the Sentencing Guidelines; to treat the guidelines as advisory; and to "reflect on the history and seriousness of [his] character . . . while applying 3553 factors." The district court reviewed Parrish's letter and issued an amended order. The district court imposed the same sentence and repeated its opinion that a sentence at the low end of the guidelines range was "reasonable and sufficient."

Parrish filed a notice of appeal in which he challenged his sentence on two grounds. First, Parrish argued that the trial court abused its discretion by sentencing him within the amended guidelines range. Second, Parrish alleged that the district court did not consider the disparity between the sentencing ranges for offenses involving crack and powder cocaine when it determined his sentence.

## III. STANDARD OF REVIEW

Objections or arguments that are not raised in the district court are reviewed for plain error. United States v. Evans, 478 F.3d 1332, 1338 (11th Cir.), cert. denied, 128 S. Ct. 257 (2007). To satisfy that standard, a defendant must establish an error, that is plain, and that affects substantial rights. Id. We then may exercise our discretion to recognize the error, but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (alteration in original).

## III. DISCUSSION

A district court may sua sponte reduce a sentence when the guideline imprisonment range is lowered and the court concludes, after considering the factors in section 3553(a), that a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This decision requires that the "district court . . . make two distinct determinations." United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). The district court must substitute the amended guideline range and then decide whether to reduce the defendant's sentence. Id.

The district court did not plainly err in reducing Parrish's sentence. The court applied the new guideline range of 100 to 125 months and, after considering the factors in 3553 and the evidence submitted by Parrish, concluded that a

sentence at the low end of the guidelines was "reasonable and sufficient." This statement rebuts Parrish's argument that the district court treated the guideline range as mandatory. But see U.S.S.G. § 1B1.10(b)(2) ("the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range").

Parrish's remaining arguments also fail. Parrish contends that the district court should have granted his motion for a six-level reduction, but Parrish did not make that request. To the extent that Parrish attempts to claim in his reply brief that the court did not consider the disparity in sentencing between crack and powder cocaine, he abandoned the issue by not raising it in his initial brief. See United States v. Britt, 437 F.3d 1103, 1104 (11th Cir. 2006).

Parrish's amended sentence is **AFFIRMED.**