[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 2, 2009
THOMAS K. KAHN
CLERK

No. 08-14080
Non-Argument Calendar

_____

D. C. Docket No. 95-00010-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL WOODARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 2, 2009)**

Before TJOFLAT, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

On July 19, 1995, the district court sentenced appellant to a prison term of

265 months on plea of guilty to conspiracy to possess with intent to distribute cocaine base.[1]  The court subsequently reduced appellant's sentence to 235 months on the Government's Rule 35 motion.  See Fed. R. Crim. P. 35.  On April 10, 2008, appellant moved the district court pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels applicable to crack cocaine offenses.  In an order entered on July 17, 2008, the court lowered appellant's offense level by two levels, in accordance with Amendment 706, from 39 to 37, which, with the category IV criminal history, resulted in a sentence range of 292 to 365 months' imprisonment, but denied his motion for § 3582(c)(2) relief.  He now appeals the court's decision.

Appellant contends that the district court abused its discretion in denying his motion because, when the Sentencing Commission voted to apply Amendment 706 retroactively, it stated that the two points should be taken off of the original base offense level for cocaine base before any reduction for post-sentencing assistance, meaning that the court should first take off the two points and then further reduce the offense level for the substantial assistance departures he previously received. He submits that his sentence should be reduced because it was above the

[1] The district court fixed appellant's offense level at 39 and criminal history category at IV.  This yielded a Guidelines sentence range calling for a sentence of imprisonment of 360 months to life.  The court imposed a sentence beneath that range after granting the Government's motion made pursuant to U.S.S.C. § 5K1.1.

mandatory minimum of ten years, and the Government agreed with his § 3582

request for a lower sentence.  He also points out that the Government agreed below

that he has engaged in no conduct that would keep him from receiving the

reduction.  He adds that he has improved himself while incarcerated by

participating in educational programs, and has been subject to no significant

disciplinary action.

We review a district court's decision denying a sentence reduction, pursuant

to § 3582(c)(2), for abuse of discretion.  See United States v. Moreno, 421 F.3d

1217, 1219 (11th Cir.2005).  Under § 3582(c)(2), a district court has the discretion

to reduce the term of a defendant's previously imposed sentence when the term of

imprisonment was based on a sentence range "that has subsequently been lowered

by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  Amendment 706,

effective retroactively as of March 3, 2008, provides for a two-level reduction in

the base offense level for certain crack cocaine offenses.  See U.S.S.G.App. C,

Amend. 713; U.S.S.G.App. C, Amend. 706.  Even so, a court may only reduce a

defendant's sentence pursuant to Amendment 706 "if such a reduction is consistent

with applicable policy statements."  18 U.S.C. § 3582(c)(2).

The Sentencing Commission has instructed district courts that before they

reduce a term of imprisonment under § 3582(c)(2), they must consider the

3

sentencing factors listed in 18 U.S.C. § 3553(a), including the danger to the community a reduction would likely pose. U.S.S.G. § 1B1.10, comment. (n. 1(B)). In analyzing these factors, district courts also may consider the defendant's post-sentencing conduct. Id.

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training, medical care, or correctional treatment; (3) the kinds of sentences available; (4) the guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1)-(7).

Accordingly, in addressing a § 3582(c)(2) motion, a district court must engage in a two-part analysis: (1) by recalculating the sentence based on the amendment, "leav[ing] all other guideline application decisions unaffected"; and (2) by exercising its discretion, based on the § 3553(a) factors, to impose a new

4

sentence or to retain the original sentence. U.S.S.G. § 1B1.10(b)(1); see also United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). "Although the district court must undertake the two-step analysis outlined above, the district court is not required to reduce the defendant's sentence." Vautier, 144 F.3d at 760.

In Vautier, we held that a district court ruling on a § 3582(c)(2) motion "has the discretion to decide whether to re-apply a downward departure for substantial assistance when considering what sentence the court would have imposed under the amended guideline." Id. at 760-61 & 760 n.6 (rejecting Vautier's argument that the Guidelines required the district court to apply the original adjustments and departures, including an eight-level downward departure for substantial assistance granted at the original sentencing, starting from the base offense level under the amended guideline range). We reasoned that a discretionary decision to depart from the sentence range on the basis of a substantial assistance motion was not a Guidelines application decision that remained intact when the district court considered the amended sentence range. Id. at 761.

We find no basis for concluding that the district court abused its discretion in denying appellant § 3582(c)(2) relief. The court's decision is, accordingly,

**AFFIRMED**.

5