[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15297
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 10, 2009
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 02-00088-CR-ORL-31-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARVEY R. JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 10, 2009)

Before BLACK, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Harvey R. Johnson, a pro se federal prisoner, appeals the district court's

denial of his motion seeking modification of his term of imprisonment, pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Johnson argues that, since Amendment 599 was designated for retroactive application, his sentence should be recalculated without the "2 point increase for discharging a firearm during flight" because that increase to his sentence computation was illegal.

We review a district court's decision of whether to reduce a sentence pursuant to § 3582(c)(2) for an abuse of discretion. United States v. Vautier, 144 F.3d 756, 759 n. 3 (11th Cir. 1998). According to § 3582(c)(2), a district court is permitted to modify a defendant's sentence if his sentencing range subsequently has been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). Amendment 599 became effective November 1, 2000, and amended the commentary to U.S.S.G. 2K2.4. U.S.S.G. App. C, Amendment 599. Section § 2K2.4 sets forth a base offense level for individuals who have violated, inter alia, 18 U.S.C. 924(c). Amendment 599 provides that, "[i]f a sentence under [ 2K2.4] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristics for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. App. C., Amendment 599. In this instance, Johnson's guideline range was adjusted upward per U.S.S.G. § 3C1.2, for reckless endangerment during flight.

2

The district court did not abuse its discretion in denying Johnson's motion to modify, because his motion was procedurally improper. Section 3582(c)(2) only permits a motion to modify when a sentencing range has "subsequently been lowered" by an amendment by the Sentencing Commission. See 18 U.S.C. 3582(c)(2). Amendment 599 became effective November 1, 2000, prior to Johnson's sentencing. See U.S.S.G. App. C, Amendment 599. Furthermore, the presentence investigation report applied the amendment by recommending no Chapter Two specific offense characteristic enhancements on the basis that Johnson discharged a firearm during the offense. Accordingly, we affirm.

**AFFIRMED.**[1]

_____

[1] Johnson's request for oral argument is denied.