[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————

No. 12-14861
Non-Argument Calendar
————————————————

D.C. Docket No. 4:91-cr-00111-BAE-GRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERBERT NATHANIEL JOHNSON,

Defendant-Appellant.


————————————————

Appeal from the United States District Court
for the Southern District of Georgia
————————————————

(December 27, 2013)


Before WILSON, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner Herbert Nathaniel Johnson, proceeding *pro se*, appeals from the district court's denial of his motion to reduce sentence, filed pursuant to 18 U.S.C. § 3582(c)(2).  The district court concluded Johnson was eligible for a sentence reduction, but nevertheless declined to resentence him.  Johnson asserts that, in declining to resentence him, the district court impermissibly relied on the factor of future rehabilitation and failed to consider evidence of his rehabilitation since his initial sentencing.  Johnson also contends that, in making those errors, the court must have utilized the incorrect edition of the Sentencing Guidelines.  After review,[1] we affirm the district court's denial of Johnson's § 3582(c)(2) motion.

Congress has codified the principle that it is inappropriate for a sentencing court to "impos[e] a sentence to a term of imprisonment for the purpose of rehabilitating the defendant . . . ."  28 U.S.C. § 994(k); *see also* 18 U.S.C. § 3582(a).  The Supreme Court has held § 3582(a) precludes a sentencing court from imposing or lengthening a defendant's term of imprisonment to promote his rehabilitation.  *Tapia v. United States*, 131 S. Ct. 2382, 2391 (2011).

Johnson's contention the court relied on the impermissible factor of rehabilitation in deciding not to resentence him is unpersuasive.  While the court explicitly mentioned "rehabilitation" in its statement of reasons for declining to

---

[1] "We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion." *United States v. Vautier*, 144 F.3d 756, 759 n.3 (11th Cir. 1998).

resentence him, the prohibition against sentencing based on rehabilitation extends only insofar as a court may choose to lengthen a sentence for the purpose of promoting a defendant's rehabilitation. *See id.* Here, the court considered the lack of potential rehabilitation as evidence that a sentence reduction was inappropriate because of the need of the sentence to protect the public. The need to protect the public is a permissible factor, both in sentencing and in deciding whether a § 3582(c)(2) reduction is appropriate. *See* 18 U.S.C. § 3553(a)(2)(C); U.S.S.G. § 1B1.10, comment. (n.1(b)(ii)).

Johnson's argument the court erred in failing to consider evidence of good conduct after his initial sentencing is also without merit. Generally, when a person is being resentenced, a court is entitled, but not required, to consider evidence of the prisoner's rehabilitation since the initial sentencing. *See Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011) (holding that, during a resentencing, a court "may consider evidence of defendant's rehabilitation since his prior sentencing"). The Guidelines commentary governing § 3582(c)(2) reductions also states that, when deciding whether and to what extent to reduce an eligible prisoner's sentence, the court "may" consider post-sentencing conduct. U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)). While the court could have (and may have) considered that evidence, it was not required to do so. The court therefore did not abuse its

discretion in failing to explicitly consider that evidence when deciding not to reduce Johnson's sentence.

To the extent Johnson argues the court used the wrong version of the Sentencing Guidelines, that argument also fails. Johnson's argument in his initial brief[2] is that, because the court considered an impermissible factor and failed to consider relevant evidence, it must have used the wrong edition of the Guidelines. However, as discussed above, the court committed no such error.  Therefore, Johnson has failed to demonstrate that the court abused its discretion in declining to resentence him, and we affirm.

**AFFIRMED.**

---

[2] Johnson's argument, raised for the first time in his reply brief, that the district court miscalculated his Guidelines range is without merit.  Based on 10.16 kilograms of crack cocaine, pursuant to U.S.S.G. § 2D1.1(c)(1), Johnson's present base offense level is 38, the highest base offense level.  His enhancements totaled four levels, so his total offense level is 42.  With a criminal history category of II, his Guidelines range is 360 months' to life imprisonment, which is the range the district court used.