[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14526
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-20223-FAM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO CORNIELLE HICIANO,
a.k.a. Papiton,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 12, 2016)

Before TJOFLAT, WILSON, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Fernando Cornielle Hiciano, a federal prisoner, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 180-month sentence for conspiracy to possess with intent to distribute cocaine.  He seeks relief based on Amendment 782 of the Sentencing Guidelines.  Hiciano argues that the district court abused its discretion because it denied his motion solely based upon the fact that he had previously received a reduction for substantial assistance and not based on the 18 U.S.C. § 3553(a) factors.

When considering a § 3582(c)(2) motion, the district court must first recalculate the guidelines range under the amended guidelines.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  If the defendant is eligible for a sentence reduction, the district court must next decide "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence."  *Id.* at 781.  In doing so, the district court should consider the statutory factors listed in § 3553(a) to determine whether the reduction is warranted and the extent of the reduction.  *Id.*; U.S.S.G. § 1B1.10 cmt. n.1(B)(i).  Although the district court must undertake this analysis, the district court retains its discretion not to reduce the sentence.  *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).  Thus, in a § 3582(c)(2) proceeding, we review the district court's decision to grant or deny a sentence reduction only for abuse of discretion.  *United States v. Hamilton*, 715 F.3d 328, 337 n.8 (11th Cir. 2013).

Here, the district court explained that it had considered Hiciano's § 3582(c)(2) motion. It stated that it had taken into account the § 3553(a) factors, but reasoned that it had already "reduced the sentence due to the defendant's cooperation to a much greater extent than that recommended by the Government." For this reason, the court concluded that, even though the amendment applied, Hiciano's 180-month sentence was "reasonable." The district court was not required to articulate the applicability of each of the § 3553(a) factors. Hiciano addressed the factors in his counseled supplemental reply, and the district court specifically acknowledged the responses by the parties before ruling on the motion. *See United States v. Smith*, 568 F.3d 923, 928 (11th Cir. 2009).

Thus, the district court's denial of Hiciano's § 3582(c)(2) motion was not an abuse of discretion because the court considered the § 3553(a) factors and determined that a 180-month sentence was reasonable. *See Vautier*, 144 F.3d at 760 (noting that the district court "has the discretion to decide whether to re-apply a downward departure for substantial assistance when considering what sentence the court would have imposed under the amended guideline"). Accordingly, we affirm the denial of Hiciano's motion.

**AFFIRMED.**