[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 12, 2008
THOMAS K. KAHN
CLERK

No. 08-13326
Non-Argument Calendar

_____

D. C. Docket No. 04-00010-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARCHIE FOXWORTH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 12, 2008)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Archie Foxworth, a federal prisoner convicted of distributing approximately

33 grams of cocaine base in violation of 21 U.S.C. § 841(a), appeals from the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for reduction of sentence, based on Amendment 706 to the sentencing guidelines. On appeal, Foxworth argues that he qualified for a two-level sentence reduction, and that the district court did not properly analyze the pertinent factors, including those listed in 18 U.S.C. § 3553(a), before denying his motion. After careful review, we affirm.

We review a district court's decision denying a sentence reduction, pursuant to § 3582(c)(2), for abuse of discretion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). Under § 3582(c)(2), a district court has the discretion to reduce the term of a defendant's previously imposed sentence when the term of imprisonment was based on a guideline range "that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 706, effective retroactively as of March 3, 2008, provides for a two-level reduction in the base offense level for certain crack cocaine offenses. See U.S.S.G. App. C, Amend. 713, U.S.S.G. App. C, Amend. 706. Even so, a court may only reduce a defendant's sentence pursuant to Amendment 706 "if such a reduction is consistent with applicable policy statements." 18 U.S.C. § 3582(c)(2); and see U.S.S.G. § 1B1.10.

The Sentencing Commission has issued a policy statement instructing

2

district courts that before they reduce a term of imprisonment under § 3582(c)(2), they must consider the factors listed in § 3553(a), and the nature and seriousness of danger to the community posed by the reduction. U.S.S.G. § 1B1.10, comment. (n.1(B)). In analyzing these factors, district courts may also consider post-sentencing conduct of the defendant. Id.

The factors outlined in § 3553(a) include, inter alia: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (4) the need for adequate deterrence to criminal conduct; (5) the protection of the public from further crimes of the defendant; and (6) the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a).

Accordingly, in addressing a § 3582(c)(2) motion, a district court must engage in a two-part analysis: (1) by recalculating the sentence based on the amendment, "leav[ing] all other guideline application decisions unaffected;" and (2) by exercising its discretion, based on the factors described above, to impose a new sentence or to retain the original. U.S.S.G. § 1B1.10(b)(1); and see United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). "Although the district court must undertake the two-step analysis outlined above, the district court is not

required to reduce the defendant's sentence." Vautier, 144 F.3d at 760.

In addition, a "district court need only 'acknowledge' that it 'considered the § 3553(a) factors[,]' and need not discuss each of these factors in either the sentencing hearing or in the sentencing order[.]" United States v. Amedeo, 487 F.3d 823, 833 (11th Cir.), *cert. denied*, 128 S.Ct. 671 (2007) (internal citation omitted). We have upheld the denial of a § 3582(c)(2) motion based on a brief statement by the district court that it was concerned with the defendant's "'demonstrated violence'" and had re-weighed "'all of the other considerations that went into the establishment of [the] defendant's sentence.'" Vautier, 144 F.3d at 759.

We conclude that the district court did not abuse its discretion, as it properly undertook the required two-step analysis before denying Foxworth's § 3582(c)(2) motion. First, the district court correctly recalculated the amended guideline range. Second, it considered the § 3553(a) factors, and determined that Foxworth remained a danger to the community in light of his four post-sentencing disciplinary infractions. Accordingly, the district court's denial of Foxworth's motion to reduce his sentence is not an abuse of discretion, and we affirm.

**AFFIRMED.**