[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14161
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 23, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00162-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN CAMPBELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 23, 2008)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Shawn Campbell, a federal prisoner convicted of possession with the intent

to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), appeals the district court's denial of his *pro se* 18 U.S.C. § 3582(c)(2) motion for reduction of sentence, based on Amendment 706 to the Sentencing Guidelines. On appeal, Campbell argues that he qualified for a two-level sentence reduction, despite the fact that he originally was sentenced to the mandatory minimum. Campbell further argues that the district court did not conduct a proper analysis of the pertinent factors, including his post-sentencing conduct, before denying his motion.

We review the district court's decision to deny reduction of a defendant's sentence pursuant to § 3582(c)(2) for abuse of discretion. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam). Under § 3582(c)(2), a district court may not reduce the term of imprisonment of an already incarcerated defendant unless that defendant has been sentenced pursuant to a guideline range "that has subsequently been lowered by the Sentencing Commission. . . ." 18 U.S.C. § 3582(c)(2). Amendment 706 provides for a two-level reduction in the base offense level for certain crack cocaine offenses. *See* U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 706. This amendment was effective retroactively as of March 3, 2008. U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 713.

In addressing a § 3582(c)(2) motion, a district court must engage in a two-part analysis: (1) recalculating the sentence based on the amendment, leaving "[a]ll other guideline application decisions . . . unaffected;" and (2) exercising its discretion, based on the 28 U.S.C. 3553(a) factors, to impose a new sentence or to retain the original. U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 cmt. n.2; *see United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998). This requirement, however, "is triggered only by an amendment . . . that lowers the applicable guideline range." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n.1.

For example, "a reduction under § 3582(c)(2) is not authorized where the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g. a statutory mandatory minimum term of imprisonment)." *United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008) (internal quotation marks and citations omitted) (emphasis omitted)). This is true because, to the extent the mandatory minimum is greater than a portion of the guideline range, the mandatory minimum replaces its lower boundary, and where the mandatory minimum "is greater than the maximum of the guideline range," it becomes the guideline sentence. *United States v. Pope*, 58 F.3d 1567, 1569 (11th Cir. 1995) (per curiam). *See also* U.S. SENTENCING

3

GUIDELINES MANUAL § 5G1.1(b), (c)(2).

We conclude that Campbell was not eligible for a § 3582(c)(2) sentence reduction. Campbell was originally sentenced to 120 months, which was and remains the mandatory minimum. While Amendment 706 reduced Campbell's base offense level, it did not lower his applicable guideline range because his sentence was controlled by the mandatory minimum. Accordingly, the district court lacked authority to grant relief to Campbell under § 3582(c)(2), and it was not required to consider the § 3553(a) factors.

## CONCLUSION

We find that the district court did not abuse its discretion. Accordingly, we affirm Campbell's 120 month sentence.

**AFFIRMED.**