[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 16, 2009
THOMAS K. KAHN
CLERK

No. 07-14100
Non-Argument Calendar

_____

D. C. Docket No. 90-06040-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY CANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 16, 2009)

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Henry Cano, a federal prisoner proceeding pro se, appeals the denial of his

motion to reduce sentence, 18 U.S.C. § 3582(c)(2).  Reversible error has been shown; we vacate and remand for additional proceedings.

In his section 3582(c)(2) motion, Cano argued that Amendment 505 to the Sentencing Guidelines gave the court jurisdiction to modify his sentence and that several factors warranted a lower sentence.[1]  The government did not respond to Cano's motion.  The district court, noting that it had "carefully reviewed [the motion] and the entire court file and [was] otherwise fully advised in the premises," dismissed Cano's motion for lack of jurisdiction and, in the alternative, denied it on the merits.

On appeal, Cano repeats his jurisdiction argument and also contends that the court gave insufficient reasons for its merits denial such that this Court cannot engage in meaningful appellate review.  We review de novo a district court's determination that it lacked subject-matter jurisdiction.  United States v. Rendon, 354 F.3d 1320, 1324 (11th Cir. 2003).  We review for an abuse of discretion a district court's decision not to grant a sentence reduction under section 3582(c)(2).  United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005).

When a sentencing guideline is amended and given retroactive effect, the

---

[1]Cano previously had pleaded guilty to one count of conspiracy to import at least five kilograms of cocaine, in violation of 21 U.S.C. § 963; and he was sentenced to 405 months' imprisonment.

district court, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," may reduce a previous sentence under the amendment "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 505, which reduced the upper limits of the U.S.S.G. § 2D1.1 drug quantity table, is retroactively applicable. U.S.S.G. § 1B1.10(c); U.S.S.G. App. C., Amend. 505.

Three of Cano's arguments in support of a sentence reduction -- that the court should consider a lower sentence under advisory guidelines after United States v. Booker, 125 S.Ct. 738 (2005), his post-sentence rehabilitation, and an alleged breach of his plea agreement by the government -- are beyond the scope of section 3582(c)(2). Thus, these arguments did not give the district court jurisdiction to reduce Cano's sentence. See Moreno, 421 F.3d at 1220 (under plain error review, concluding that section 3582(c)(2) did not provide a jurisdictional basis to reduce a sentence based on post-sentence rehabilitation and that Booker was not applicable to section 3582(c)(2) motions because it did not involve a retroactively applicable guideline amendment).

But Cano did raise other arguments based on the section 3553(a) factors. And Cano was assigned a base offense level of 40 based on the amount of cocaine for which he was held responsible. Had he been sentenced under the amended

version of the guidelines, his base offense level would have been 38. Therefore, because Amendment 505 was retroactively applicable and application of the amendment would have resulted in a lower guidelines range, the district court did have jurisdiction to consider Cano's 3582(c)(2) motion to the extent Cano's arguments were about section 3553(a) factors; and the court's jurisdiction determination to the contrary was in error.

We turn to the district court's alternative ruling. A "district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under" section 3582(c)(2). United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). First, the court must determine the sentence it would have imposed, given the defendant's amended guideline range and holding constant all other guideline determinations made at the original sentencing hearing. Id. Then, the court must consider the factors in section 3553(a) and determine, in its discretion, whether to reduce the defendant's sentence. Id. The court need not present particular findings on each section 3553(a) factor as long as the court clearly considered those factors and set forth adequate reasons for refusing to reduce a prisoner's sentence. See United States v. Brown, 104 F.3d 1254, 1256 (11th Cir. 1997); see also United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997) (the record must demonstrate that the pertinent factors were taken

4

into account by the district court).

About the second step,[2] we conclude that the district court's order failed to show that it had considered the pertinent section 3553(a) factors. Although the district court's language here was similar to the language used in the district court order in Eggersdorf, in Eggersdorf, the defendant's section 3582(c)(2) motion set out all the section 3553(a) factors "word for word." And we determined that the district court did not abuse its discretion in refusing to resentence Eggersdorf "especially" because the court's order "specifically" referenced the government's opposition motion, which cited specific elements that were relevant to the necessary section 3553(a) inquiry. 126 F.3d at 1322-23. Here, Cano mentioned that the court was to consider the section 3553(a) factors in determining whether to reduce his sentence; and he referenced some factors in his motion -- the guidelines range, policy statements of the Sentencing Commission, and certain aspects about the offense and his history -- but he did not mention all of the factors. And the government did not respond to Cano's motion with a discussion of factors pertinent to the section 3553(a) inquiry.

---

[2]Cano included in his section 3583(c)(2) motion the calculation of his new guidelines range based on Amendment 505; and the government, on appeal, concedes that this calculation is correct. So, we infer that the district court implicitly undertook the first step of recalculating the guidelines range in determining whether to reduce Cano's sentence.

Because we cannot discern whether the district court considered the pertinent factors or what factors the court relied on in denying Cano's motion, we conclude that the court abused its discretion in denying the motion and vacate and remand for additional proceedings consistent with this opinion. [3]

VACATED AND REMANDED.

---

[3]The government concedes that the district court did not provide sufficient reasons for its denial.