[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2010
JOHN LEY
CLERK

No. 09-11954
Non-Argument Calendar

_____

D. C. Docket No. 90-06040-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY CANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 10, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Henry Cano, a federal prisoner proceeding pro se, appeals the denial of his motion for a reduced sentence pursuant to Amendment 505 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). No reversible error has been shown; we affirm.

We remanded Cano's first appeal of the denial of his section 3582(c)(2) motion to the district court because the court failed to articulate whether it had considered the 18 U.S.C. § 3553(a) sentencing factors or what factors it had relied on in denying Cano a sentence reduction. See United States v. Cano, 07-14100 (11th Cir. January 16, 2009) (unpub.). On remand, the district court again denied Cano's section 3582(c)(2) motion. The court stated that Cano's amended guidelines range after application of Amendment 505 was 262 to 327 months.[*] But, after considering the entire court file from sentencing and the section 3553(a) factors, the court stated that it would impose the same original sentence of 405 months. The court based its decision chiefly on the amount of cocaine involved, over half a ton.

On appeal, Cano argues that the court did not engage in the proper

---

[*]Amendment 505 reduced Cano's base offense level from 40 to 38.

retroactivity analysis because drug quantity was not, by itself, a sufficient reason not to reduce his sentence. Cano characterizes the court's 405-month sentence as an upward departure from base offense level 38 to 40. We review for an abuse of discretion a district court's decision not to grant a sentence reduction under section 3582(c)(2). United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that later has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A "district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under" section 3582(c)(2). United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). First, the court must determine the sentence it would have imposed, given the defendant's amended guidelines range and keeping constant all other guidelines determinations made at the original sentencing hearing. Id. Then, the court must consider the factors in section 3553(a) and determine, in its discretion, whether to reduce the defendant's sentence. Id. The court need not present particular findings on each section 3553(a) factor as long as the court clearly considered those factors and set forth adequate reasons for refusing to reduce a prisoner's sentence. See United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997) (the record must demonstrate

3

that the pertinent factors were taken into account by the district court).

Here, the district court engaged in the proper two-part analysis in determining whether to reduce Cano's sentence. First, the court applied Amendment 505 to Cano's original sentencing and recalculated his sentencing range at 262 to 327 months. And, consistent with our mandate, the court considered Cano's motion, the entire court file, and the section 3553(a) factors in exercising its discretion not to reduce Cano's sentence. The court specifically relied on the large amount of drugs involved in Cano's offense to deny a sentence reduction.

Contrary to Cano's appellate argument, the district court did not depart upwardly and re-sentence Cano; instead, the court permissibly exercised its discretion not to reduce his sentence. Because the district court properly engaged in the required analysis, we affirm the denial of Cano's section 3582(c)(2) motion.

AFFIRMED.