[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2009
THOMAS K. KAHN
CLERK

No. 08-14572
Non-Argument Calendar
_____

D. C. Docket No. 93-00163-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LYMAN COLUMBUS MAY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 6, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Lyman Columbus May, Jr., a federal prisoner proceeding pro se and in

forma pauperis, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for sentence reduction. May's motion was based on Amendment 706 to the Sentencing Guidelines, which reduced the offense levels for crack cocaine offenses by two levels. The district court found that May was eligible for consideration for sentence reduction pursuant to the Amendment. However, the court ultimately denied the motion based on its consideration of the 18 U.S.C. § 3553(a) sentencing factors – in particular, the danger to the public May poses if released from custody – and May's post-sentence conduct.

On appeal, May argues that the district court erroneously applied the Guidelines in a mandatory fashion, that the court improperly penalized him for prison violations for which he had already been disciplined, and that the court overly relied on his post-sentence conduct to the exclusion of relevant § 3553(a) factors.

We review for an abuse of discretion a district court's decision whether to reduce a sentence based on a subsequent change in the Sentencing Guidelines. United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). We review de novo the district court's legal conclusions in a § 3582(c)(2) proceeding. United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008). Moreover, we liberally construe the pleadings of a pro se petitioner. Alba v. Montford, 517 F.3d 1249, 1252 (11th

Cir.), cert. denied, (U.S. Dec. 1, 2008) (No. 08-6426).

A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  To that end, Amendment 706, which was made retroactive by Amendment 713, reduced the offense levels in U.S.S.G. § 2D1.1 for crack cocaine offenses by two levels.  See U.S.S.G. App. C, Amend.'s 706, 713 (2008).  In determining whether to reduce a defendant's sentence, the district court must engage in a two-step analysis:

> First, the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact . . . Second, in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence.

United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998) (citations omitted).  In addition, the applicable Guidelines policy statement provides that the court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and

3

that the court "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment[.]"  U.S.S.G. § 1B1.10, comment. (n.1(B)(ii) and (iii)).  Moreover, while the court must engage in this two-step analysis, it is not ultimately required to reduce the defendant's sentence because "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary."  Vautier, 144 F.3d at 760.

Here, we find no abused of discretion in the district court's denial of May's § 3582(c)(2) motion for sentence reduction.  The court's decision is, accordingly,

AFFIRMED.

4