[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14092
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 18, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00230-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY TRAYWICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 18, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Tony Traywick, convicted of a crack cocaine offense, appeals pro se the district court's grant of his motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm in part and dismiss in part.

## I.

Traywick pled guilty to possession with intent to distribute more than 50 grams of crack cocaine. In a pre-sentence investigation report ("PSI"), a probation officer (1) set Traywick's base offense level at 36, pursuant to U.S.S.G. § 2D1.1(c)(2), because he was responsible for one ounce of marijuana, 29 ounces of crack cocaine, and 54 ounces of cocaine; (2) applied a 3-level reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b), because Traywick accepted responsibility and timely notified the government of his intent to plead guilty; and (3) set Traywick's criminal history category at II. The probation officer concluded that, with a total offense level of 33 and a criminal history category of II, Traywick's guideline imprisonment range was 168 to 210 months. On July 18, 2002, the district court sentenced Traywick to 168 months' imprisonment. On March 18, 2008, Traywick filed the instant motion to reduce sentence, pursuant to § 3582(c)(2), on account of Amendment 706 to the Sentencing Guidelines. On May 27, 2008, the district court granted the § 3582(c)(2) motion and reduced

Traywick's guideline imprisonment range to 135 to 168 months and sentenced Traywick to 135 months' imprisonment. Traywick filed a motion for reconsideration, and the district court denied the motion.

**II.**

We review the denial of a motion for modification of sentence for an abuse of discretion. United States v. Vautier, 144 F.3d 756, 759 n. 3 (11th Cir.1998). We review de novo "the district court's legal conclusions regarding the scope of its authority under the [Guidelines]." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008).

Pursuant to § 3582(c)(2), a district court may reduce an already-incarcerated defendant's sentence if (1) the sentence was determined using a guideline imprisonment range that subsequent retroactive amendments to the Guidelines have reduced and (2) the district court has considered the applicable factors set forth in 18 U.S.C. § 3553(a) and determined that a reduction would be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c). These policy statements are contained in U.S.S.G. § 1B1.10.

In determining whether, and to what extent, a § 3582(c)(2) motion is warranted, the district court must engage in a two-part analysis. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court must substitute

the amended base offense level for the originally applied base offense level and determine what sentence it would have imposed had the amended base offense level been in effect at the time of the original sentencing. Id. at 780-81. In making this determination, the district court must leave intact all other guideline application decisions made during the original sentencing. Second, the district court must decide whether, in its discretion, it will elect to impose the newly calculated sentence or retain the original sentence. Id. at 781. In making this determination, the district court: (1) shall consider the § 3553(a) factors; (2) shall consider the nature and seriousness of the danger to any person or the community posed by the reduction; and (3) may consider the post-sentencing conduct of the defendant. U.S.S.G. § 1B 1.10, comment. (n. 1(B)).

We recently have held that, once the district court has determined the defendant's amended guideline imprisonment range and that a reduction is warranted, it may not rely on United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and impose a sentence below that guideline imprisonment range. See United States v. Melvin, No. 08-13497, manuscript op. at 5, 7 (11th Cir. Feb. 3, 2009). In Melvin, the defendant argued that, pursuant to Booker, the district court could depart below the amended guideline imprisonment range at re-sentencing, as this range was advisory only. Id. at 3. The district court

4

agreed, calculating an amended guideline imprisonment range of 84 to 105 months but imposing a sentence of 75 months' imprisonment. Id. We vacated and remanded, reasoning that U.S.S.G. § 1B1.10(b)(2)(A) instructs that "the court shall not reduce the defendant's term of imprisonment under [§ 3582(c)(2)] and this policy statement to a term that is less than the minimum of the amended guidelines range determined under [§ 1B1.10(b)(1)]" and holding that Booker did not prohibit this limitation on the district court's discretion in re-sentencing the defendant under § 3582(c)(2). Id. at 5, 7, 9-10.

**III.**

With regard to Traywick's argument that the district court erred in not affording him an opportunity to be heard before reducing his sentence, we affirm, as § 3582 does not include a notice or hearing provision. See 18 U.S.C. § 3582. With regard to Traywick's apparent arguments that the district court should have assigned counsel to assist him in the § 3582(c)(2) proceedings and we should have assigned counsel to assist him on appeal, we dismiss, as Traywick never filed a motion before the district court or this Court requesting counsel. With regard to Traywick's argument that the district court should have considered Booker in re-sentencing him, we affirm, as we have foreclosed this argument. See Melvin, No. 08-13497, manuscript op. at 5, 7.

**AFFIRMED in PART; DISMISSED in PART.**

5