[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2009
THOMAS K. KAHN
CLERK

No. 08-14715
Non-Argument Calendar

_____

D. C. Docket No. 97-00089-CR-ORL-19-DAB

UNITED STATES OF AMERICA,

Plaintiffs-Appellee,

versus

ELAINAISE MERVIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 6, 2009)

Before TJOFLAT, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

On August 20, 1997, a Middle District of Florida jury found Elainaise

Mervil guilty of conspiring to distribute cocaine base and powder cocaine, in

violation of 21 U.S.C. § 846 (Count 1), and of possessing with the intent to distribute cocaine base and powder cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2). At sentencing, the district court held Mervil accountable for 39.62 kilograms of cocaine base and 1.03 kilograms of cocaine powder, which was the equivalent of 773,440 kilograms of marijuana. This yielded a Guidelines base offense level of 38 and coupled with a criminal history category of I a sentence range calling for a term of imprisonment (on each count) of 235 to 293 months. The court sentenced Mervil to concurrent prison terms of 240 months. She did not appeal.

After unsuccessfully moving the district court on three occasions to reduce her sentences pursuant to 18 U.S.C. § 3582(c)(2), Mervil, in December 2007, once again invoked the statute in an effort to have her sentences reduced. This time she based her motion on Amendments 706 and 711 to the Sentencing Guidelines, which reduced her base offense level from 38 to 36, and argued that a reduction would be consistent with the sentencing factors of 18 U.S.C. § 3553(a), the Supreme Court's decisions in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Kimbrough v. United States, 552 U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and her post-sentencing rehabilitation.

Under § 3582(c)(2), a district court may not reduce a defendant's term of

imprisonment unless that defendant has been sentenced pursuant to a Guidelines sentence range "that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Booker, 543 U.S. at 245, 258-60, 125 S.Ct. at 756-67, 764-65 (rendering the Guidelines advisory), and Kimbrough, 552 U.S. at ___, 128 S.Ct. at 575 (clarifying that district courts possess the authority to deviate from the 100-to-1 crack-to-powder cocaine ratio during sentencing), do not provide independent jurisdictional bases for relief under § 3582(c)(2). United States v. Melvin, No. 08-13497, manuscript op. at 7 (11th Cir. February 3, 2009).

In addressing a § 3582(c)(2) motion, the district court must engage in a two-part analysis: (1) by recalculating the sentence based on the amendment, "leav[ing] all other guideline application decisions unaffected;" and (2) by exercising its discretion, based on the factors listed in § 3553(a), to impose a new sentence or to retain the original sentence. U.S.S.G. § 1B1.10(b)(1); and see United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). In analyzing these factors, the district court may also consider the post-sentencing conduct of the defendant. U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)). This requirement, however, "is triggered only by an amendment . . . that lowers the applicable guideline range." U.S.S.G. § 1B1.10, comment. (n.1(A)).

Amendment 706, retroactive as of March 3, 2008, provided for a two-level

3

reduction in the base offense level for certain crack cocaine offenses.[1]  See

U.S.S.G. App. C, Amends. 706, 713.  It also altered Application Note 10(D) of the

Commentary to U.S.S.G. § 2D1.1 to change the method of calculating the offense

level for offenses involving cocaine base and other types of drugs.  See U.S.S.G.

App. C, Amend. 706.  In particular, it instructed district courts to: (1) determine the

base offense level for the other substance; (2) apply that base offense level to a

"marijuana equivalency" table and convert the cocaine base into marijuana; (3)

convert the other substance into marijuana; and (4) add the marijuana quantities

together to determine the combined base offense level.  Id.

Amendment 711 reversed Amendment 706 on this point, instructing courts

to: (1) determine the base offense level for the amount of cocaine base involved;

(2) apply that base offense level to a "marijuana equivalency" table and convert the

cocaine base into marijuana; (3) determine the marijuana equivalency for the other

substance; and (4) add together all of the marijuana amounts and determine the

combined base offense level.  See U.S.S.G. App. C, Amend. 711.

Finally, Amendment 715, which came into effect on May 1, 2008 – after

Mervil filed her § 3582(c)(2) motion but before the district court ruled on it – and

---

[1] While Mervil filed her motion before Amendments 706 and 711 became retroactive, jurisdiction was proper in the district court because it ruled on the motion after March 3, 2008.  See United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, 129 S.Ct. 965 (2009), and pet. for cert. filed, (U.S. Feb. 2, 2009) (No. 08-8554).

which the district court relied on, undid Amendment 711, imposing the following method, instead: (1) determine the marijuana equivalency for all of the drug amounts involved using the traditional conversion method; (2) subtract two levels from that amount; and (3) determine the base offense level for this altered amount of marijuana. U.S.S.G. App. C, Amendment 715.  A two-level reduction would not apply, however, if "the offense involved 4.5 kilograms or more . . . of cocaine base."  See U.S.S.G. § 2D1.1, comment. (n.10(D)(ii)(I)).

Here, the district court properly found that it lacked authority to reduce Mervil's sentences under the amended Guidelines.  Based on the 1.03 kilograms of powder cocaine and 39.62 kilograms of cocaine base attributed to Mervil, her base offense level and adjusted offense levels would remain 38, her criminal history category would continue to be I, and her guideline range would remain at 235 to 293 months' imprisonment.

In addition, because the retroactive Guidelines amendments provide Melvin no relief, her arguments under Booker, Kimbrough, and § 3553(a) necessarily fail.

AFFIRMED.