[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14321
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00010-CR-BAE-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE MCKEEVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 30, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Jermaine McKeever, a federal prisoner proceeding pro se, appeals from the

district court's denial of his motion for a reduced sentence under 18 U.S.C. §

3582(c)(2) based on Amendments 706 and 711 to the Sentencing Guidelines.  On

appeal, McKeever argues that the district court abused its discretion by basing its decision on the same reasons it used at sentencing, by failing to consider other relevant factors, and by failing to consider the crack-cocaine disparity under Kimbrough v. United States, 128 S. Ct. 558 (2007). After careful review, we affirm.

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion and its conclusions regarding the scope of its legal authority de novo. United States v. James, 548 F.3d 983, 984 & n.1 (11th Cir. 2008); United States v. Vautier, 144 F.3d 756, 759 n.3 (11th Cir. 1998).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a guideline range that has been lowered subsequently by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The district court must make two determinations before deciding whether to reduce a sentence under § 3582(c)(2): (1) it "must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed"; and (2) it "must consider the factors listed in [18 U.S.C.] § 3553(a) and determine whether or not to reduce the defendant's original sentence." Vautier, 144 F.3d at 760.

Here, the district court did not abuse its discretion by denying McKeever's § 3582(c)(2) motion because the court properly followed the two-step process

outlined in Vautier, 144 F.3d at 760-63. First, the district court correctly calculated the amended guideline range of 87 to 108 months, given an amended offense level of 27 and a criminal history category of III. See U.S.S.G., Sentencing Table. Next, as the record shows, the district court considered the relevant sentencing factors -- including McKeever's personal history and characteristics and the need to avoid unwarranted sentencing disparities -- in finding that a reduction was not warranted. In light of this record, the district court did not abuse its discretion in denying McKeever's § 3582(c)(2) motion, and contrary to McKeever's assertions, "[t]he district court [was] not required to articulate specifically the applicability, if any, of each factor." Vautier, 144 F.3d at 762.

Moreover, under our controlling case law, the district court did not err in concluding that it lacked authority to apply Kimbrough to his § 3582(c)(2) proceedings. See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (holding that Kimbrough does not apply to § 3582(c)(2) proceedings), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664). Therefore, we affirm.

**AFFIRMED.**[1]

---

[1] Accordingly, McKeever's motion to appoint counsel for oral argument is DENIED as MOOT.