[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15735
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00010-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 28, 2009)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Richard Williams appeals from the 135-month sentence imposed by the

district court following its denial of his motion for a reduced sentence, pursuant to

18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Guidelines, which reduced the base offense levels applicable to most crack cocaine offenses. On appeal, Williams argues the district court abused its discretion because it did not resentence him at the low end of his amended guideline range, but instead let his mid-guideline-range sentence remain in effect. After thorough review, we affirm.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). Id.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). When considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. "Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). Next,

2

the court must decide, in light of the § 3553(a) factors and in its discretion, whether it will impose the newly calculated sentence or retain the original sentence. Id. at 781.

If the defendant is eligible for a sentence reduction under the first part of the analysis, the district court must consider the § 3553(a) factors under the second part of the analysis, regardless of whether it ultimately denies or grants § 3582(c)(2) relief. United States v. Williams, 557 F.3d 1254, 1257 (11th Cir. 2009). Still, the district court need not specifically articulate the applicability of each factor, "as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." United States v. Vautier, 144 F.3d 756, 762 (11th Cir. 1998) (quotation omitted).

Here, the district court first calculated Williams's amended guideline range. Williams does not challenge the district court's calculation of his amended guideline range, but, instead, argues that the district court abused its discretion during the second step of the analysis, when it determined that a mid-guideline-range sentence adequately addressed the government's Fed. R. Crim. P. 35 motion. Because the record reflects that the district court took the pertinent § 3553(a) factors into account, the district court did not abuse its discretion in determining

not to grant a sentence reduction.  See Vautier, 144 F.3d at 762-63.  Accordingly, we affirm.

      **AFFIRMED.**