[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2009
THOMAS K. KAHN
CLERK

No. 08-13481
Non-Argument Calendar

_____

D. C. Docket No. 03-00074-CR-T-27TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERMAINE B. MCAFFEE,
a.k.a. Man-man,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 2, 2009)

Before DUBINA, Chief Judge, TJOFLAT and MARCUS, Circuit Judges.

PER CURIAM:

Germaine McAffee appeals from the district court's refusal to consider his

request pursuant to 18 U.S.C. § 3582(c)(2) for a further reduction to his sentence

below the amended guideline range. On appeal, McAffee argues that the district court's refusal to sentence him below the amended guideline range was error in light of United States v. Booker, 543 U.S. 220 (2005). After careful review, we affirm.

We review for abuse of discretion a district court's denial of a defendant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2). United States v. Vautier, 144 F.3d 756, 759 n.3 (11th Cir. 1998). In the § 3582(c)(2) context, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S. Ct. 965 (2009), and cert. denied, 129 S. Ct. 1601 (2009). We also review de novo questions of statutory interpretation. Id.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statement provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that

2

is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). The policy statement does allow for one exception, <u>see</u> <u>id.</u>, but that exception is not relevant here.

On this record, it is unclear whether the district court declined to sentence McAffee below the amended guideline range for discretionary reasons, or because it concluded that it lacked the authority to do so. We need not resolve that issue, however, because either way, McAffee's argument is foreclosed by recent precedent. In <u>United States v. Melvin</u>, 556 F.3d 1190, 1192-94 (11th Cir. 2009), we held that <u>Booker</u> does not apply to § 3582(c)(2) proceedings, and thus, the district court is bound by the limitations imposed by § 1B1.10 and does not have the authority to sentence below the amended guideline range. <u>See</u> <u>id.</u> (holding that <u>Booker</u> does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), <u>petition for cert. filed</u>, (U.S. Feb. 10, 2009) (No. 08-8664). Accordingly, we affirm.

**AFFIRMED.**