[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2009
THOMAS K. KAHN
CLERK

No. 08-17053
Non-Argument Calendar

_____

D. C. Docket No. 91-00181-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NINOUS ISOM, JR.,
a.k.a. Knott,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 3, 2009)

Before DUBINA, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Ninous Isom, Jr., a federal prisoner convicted of a crack cocaine

offense, appeals the district court's reduction of his sentence to the low end of his amended Guideline range, pursuant to 18 U.S.C. § 3582(c)(2). The § 3582(c)(2) reduction was based on Amendment 706 to the Sentencing Guidelines, which reduced the offense levels associated with certain crack cocaine offenses. Isom argues that the district court erred by failing to address his requests to be sentenced: (1) pursuant to an advisory Guidelines system; and (2) for his time served, or at the very least, at the low end of the Guideline range.[1] He further argues that *Booker*[2] applies to his case, and the district court's failure to address *Booker*'s application to his case constitutes harmful error. He contends that the court erred by failing to state the reasons for its decision as required under § 3582(c)(2). He also argues that the court needed to consider the 18 U.S.C. § 3553(a) factors when resentencing him and not just the amended Guideline range.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). However, in the § 3582(c)(2) context, "we review *de novo* the district court's legal conclusions regarding the scope of its authority under the

---

[1] Although Isom contends that the district court erred by failing to sentence him at the low end of his Guideline range, the court sentenced him to 360 months' imprisonment, which is the lowest term pursuant to his amended Guideline range.

[2] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

2

Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002).

A district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule is:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

A district court "must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998). First, the court must substitute the amended Guideline range and determine the sentence it would have imposed. *Id.*; U.S.S.G. § 1B1.10(b)(1). "Second, in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." *Vautier*, 144 F.3d at 760. Section 1B1.10(b)(2) of the Sentencing Guidelines provides that, generally when a

3

defendant is initially sentenced within his original Guideline range, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A).

The record here demonstrates that the district court calculated Isom's amended Guideline range, pursuant to the first step of the *Vautier* analysis, and resentenced him to 360 months' imprisonment, the low end of his amended range. *Vautier*, 144 F.3d at 760. While the record is unclear as to whether the district court considered the § 3553(a) factors, pursuant to the second step of the *Vautier* analysis, the court still reduced Isom's sentence to the low end of his amended Guideline range. *Vautier*, 144 F.3d at 760. Thus, even if the court erred by not considering the § 3553(a) factors, such error is harmless because the court reduced Isom's sentence as much as it could. Furthermore, *Booker* and *Kimbrough*[3] do not apply to § 3582(c)(2) proceedings, and U.S.S.G. § 1B1.10(b)(2)(A) is binding on district courts, forbidding them from imposing a sentence below the low end of an amended Guideline range when a defendant's original sentence was within his original Guideline range. *See United States v. Melvin*, 556 F.3d 1190, 1192 (11th

_____

[3]*Kimbrough v. United States*, ___ U.S. ___, 128 S. Ct. 558 (2007).

4

Cir. 2009), *petition for cert. filed*, (U.S. Feb. 10, 2009) (No. 08-8664).

Accordingly, we affirm the district court's order granting Isom a two-level reduction in offense level.

**AFFIRMED.**