[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15250
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-00003-CR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES H. BAISDEN,
a.k.a. Joe Baisden,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 8, 2009)

Before EDMONDSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

James H. Baisden, a pro se federal prisoner convicted of a crack cocaine offense, appeals his resentencing under 18 U.S.C. § 3582(c)(2) and Amendment 706[1] to the Sentencing Guidelines. No reversible error has been shown; we affirm.

Baisden's original guidelines range of 360 months to life imprisonment was based on an offense level of 38 and a criminal history category of VI. The district court sentenced Baisden to 360 months. In his section 3582(c)(2) motion, Baisden requested a sentence reduction based on his post-sentencing rehabilitation and the 18 U.S.C. § 3553(a) sentencing factors. He contended that Booker[2] allowed the district court to resentence him below the amended guidelines range.

The district court, in a form order, reduced Baisden's base offense level from 38 to 36. This reduction resulted in an amended range of 324 to 405 months; and the court resentenced Baisden to 324 months. Baisden filed a motion for reconsideration, arguing that the court should have lowered his criminal history category because his prior state convictions had been vacated. The district court denied reconsideration.

On appeal, Baisden argues that the district court erred in resentencing him

---

[1]Amendment 706 -- which became retroactive on 3 March 2008, U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008) -- reduced by two the base offense levels in crack cocaine sentences calculated pursuant to U.S.S.G. § 2D1.1(c).

[2]United States v. Booker, 125 S.Ct. 738 (2005).

2

because (1) it failed to consider his prior vacated state convictions when calculating his amended guidelines range and (2) its order failed to indicate that it had considered his post-sentencing rehabilitation, the section 3553(a) factors, and the sentencing disparity between crack and powder cocaine. We review de novo the district court's legal conclusions about the scope of its authority in a section 3582(c)(2) proceeding. United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). "Once it is established that [section] 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion." Id. at 984 n.1.

Baisden's challenges to his resentencing all are unavailing. The district court correctly reduced Baisden's base offense level from 38 to 36 pursuant to Amendment 706 based on the 1.5 kilograms of crack cocaine attributed to him. See U.S.S.G. § 2D1.1(c)(2). About his prior vacated convictions, the district court was not permitted to recalculate guidelines determinations unaffected by Amendment 706. See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (explaining that a sentence reduction under section 3582(c)(2) is not a de novo resentencing and "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing"). And Amendment 706 had no impact on Baisden's criminal history

category.

About consideration of the section 3553(a) factors, the court is required to consider the factors after calculating the amended guidelines range and determine, in its discretion, whether to reduce the defendant's sentence. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). But here, even if we assume that the district court failed to consider the section 3553(a) factors, any error was harmless because Baisden received the lowest possible sentence he could receive upon application of Amendment 706. See Fed.R.Crim.P. 52(a) ("[a]ny error . . . that does not affect substantial rights shall be disregarded"); United States v. Newsome, 998 F.2d 1571, 1579 (11th Cir. 1993) (concluding that a remand was unnecessary where defendants received the lowest possible terms of imprisonment).

Although Baisden invokes Booker and Kimbrough v. United States, 128 S.Ct. 558 (2007), in support of a sentence below the amended guidelines, we have made clear that neither Booker nor Kimbrough render a guidelines range advisory in the context of a section 3582(c)(2) proceeding. See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009), cert. denied (U.S. May 18, 2009) (No. 08-8664). A district court is bound by the limitations imposed on its discretion by section 3582(c)(2) and the applicable policy statements by the Sentencing Commission. Id.; see also U.S.S.G. § 1B1.10(b)(2)(A) (explaining that "the court

shall not reduce the defendant's term of imprisonment under [section] 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range").

AFFIRMED.