[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10346
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-00017-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENORDA Q. JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 21, 2009)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Kenorda Q. Jones, a federal prisoner proceeding pro se, appeals the district

court's order granting in part his motion for reduced sentences under 18 U.S.C. §

3582(c)(2) based on Amendment 706 to the Sentencing Guidelines. On appeal, Jones

argues that: (1) the district court erred by failing to request a revised Presentence Investigation Report ("PSI") before reducing his sentences; (2) the district court committed both statutory and constitutional error by applying the Guidelines in a mandatory fashion and relying on facts neither admitted by himself nor found by a jury beyond a reasonable doubt when reducing his sentences; (3) the district court erred by refusing to reduce his sentence for possession of a firearm in relation to a drug trafficking crime, and by altering his "sentencing package"; and (4) the reduction to his sentences was unreasonable. After thorough review, we affirm.

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion and its conclusions regarding the scope of its legal authority de novo. United States v. Williams, 549 F.3d 1337, 1338 (11th Cir. 2008). However, claims raised for the first time on appeal are reviewed for plain error. United States v. Smith, 459 F.3d 1276, 1282-83 (11th Cir. 2006). "Under the plain error standard, . . . there must be (1) error, (2) that is plain, . . . (3) that affects substantial rights[, and that] . . . (4) . . . seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1283.

First, we do not agree with Jones' argument that the district court erred by failing to request a revised PSI in accordance with Fed. R. Crim. P. 32 before

reducing his sentences under § 3582(c)(2). Rule 32 and 18 U.S.C. § 3552(d) set forth the requirements for the disclosure of PSIs. Rule 32 provides:

> The probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless . . . the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record.

Fed. R. Crim. P. 32(c)(1)(A)(ii). However, sentencing adjustments under § 3582(c)(2) do not constitute de novo resentencings. United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). Instead, all "original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id. (quotation omitted).

Here, Jones did not request a revised PSI before the district court, and we therefore review his argument for plain error. See Smith, 459 F.3d at 1282-83. Because proceedings under § 3582(c)(2) do not constitute de novo resentencings, the district court was not authorized to reconsider its sentencing determinations except for the guideline range. See Moreno, 421 F.3d at 1220. Thus, there was no reason to order a revised PSI, and the district court did not plainly err by declining to do so.

We also are unpersuaded by Jones' claim that the district court committed both statutory and constitutional error under United States v. Booker, 543 U.S. 220 (2005), by applying the Guidelines in a mandatory fashion and relying on facts neither

admitted by himself nor found by a jury beyond a reasonable doubt when reducing his sentences under § 3582(c)(2). Booker and Kimbrough v. United States, 552 U.S. 85 (2007), do not apply to § 3582(c)(2) proceedings. United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir.), cert. denied, 129 S.Ct. 2382 (2009). Thus, a district court is permitted to reduce a sentence under § 3582(c)(2) only in a manner consistent with the applicable policy statements of the Sentencing Commission. Id. at 1193. Under the applicable guideline policy statement, the district court must not reduce a defendant's sentence under § 3582(c)(2) to a term less than the minimum amended guideline range determined under U.S.S.G. § 1B1.10(b)(1). U.S.S.G. § 1B1.10(b)(2)(A).

As applied here, Jones's arguments that the district court violated Booker are foreclosed by binding precedent because neither Booker nor Kimbrough apply to § 3582(c)(2). See Melvin, 556 F.3d at 1192-93. The district court therefore did not err by applying § 1B1.10(b)(2)(A) or by relying on its original judicial fact-findings.

We likewise find no merit in Jones's claim that the district court erred by refusing to reduce his 60-month sentence for possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) because he would be subject to a lesser penalty under the current version of that statute, and by altering his "sentencing package" when it reduced his sentences for Counts 1 and 2 under

4

§ 3582(c)(2). Normally, "vacating the sentence for one count disrupts the sentencing package and requires resentencing for all counts of conviction." United States v. Klopf, 423 F.3d 1228, 1246 (11th Cir. 2005). However, as discussed above, sentencing adjustments under § 3582(c)(2) do not constitute de novo resentencings. Moreno, 421 F.3d at 1220.

While Amendment 706 reduced the base offense level for Jones's cocaine-base offenses, it did not affect his guideline range for Count 3 under § 924(c). See U.S.S.G. App. C, Amend. 706 (2007). Thus, the district court did not err by refusing to modify Jones's sentence for Count 3 because all "original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." See Moreno, 421 F.3d at 1220 (quotation omitted). In addition, Jones's reliance on the "sentencing package" principle is misplaced because sentencing adjustments under § 3582(c)(2) do not constitute de novo resentencings. See id. Further, there was no ex post facto concern because Jones was sentenced based on the law in effect at the time the offense was committed. See United States v. Yeager, 331 F.3d 1216, 1224 n.2 (11th Cir. 2003) (noting that ex post facto concerns are raised where a defendant is subjected to an increased penalty after the commission of the offense).

Finally, we reject Jones's argument that the reduction to his sentences was unreasonable because the district court failed to consider an analysis report stating that he possessed powder cocaine rather than cocaine base. A "district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). It must (1) "substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed" and (2) "consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id. "All other guideline application decisions made during the original sentencing remain intact." Id. The district court may not reduce a sentence under § 3582(c)(2) to a term that is less than the minimum of the amended guideline range. Melvin, 556 F.3d at 1192.

Because Jones did not argue below that the district court was obligated to reconsider the drug type and drug quantity based on the analysis report, we review this claim for plain error. See Smith, 459 F.3d at 1282-83. The record shows that the district court correctly calculated the amended guideline range and considered the § 3553(a) factors in determining whether to reduce Jones's sentences under § 3582(c)(2). The court was not authorized to reconsider its original sentencing determinations, including the drug type, drug quantity, and original base offense

6

level.  See Vautier, 144 F.3d at 760.  Moreover, the district court reduced Jones's sentences to the maximum extent allowed by the Guidelines.  See Melvin, 556 F.3d at 1192.  Thus, the district court did not plainly err in reducing Jones's sentences for Counts 1 and 2 to 168 concurrent months' imprisonment.

**AFFIRMED.**