[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13932
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:97-cr-00233-ASG-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLAND AIKEN,
a.k.a. Herman Thompson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 22, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Roland Aiken, a federal prisoner convicted of assault with a dangerous

weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3), and use of a

firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c),

appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a

sentence reduction. Aiken's motion was based on Amendment 599, which

clarified when a weapons enhancement may be applied to an underlying offense if

the defendant was also convicted of a § 924(c) offense. After review, we affirm

the district court's denial of Aiken's § 3582(c)(2) motion.[1]

On appeal, Aiken contends the district court erred in finding that he was

sentenced as a career offender and thus ineligible for a sentence reduction under

§ 3582(c)(2). As to the district court's alternate ruling that he was not entitled to

a sentence reduction, Aiken argues the district court abused its discretion because

(1) the court had already incorporated into Aiken's original sentence all of the

concerns it articulated regarding the seriousness of the offense and Aiken's

criminal history, and (2) the § 3553(a) factors and Aiken's "post-sentencing

conduct" warranted a sentence reduction.[2] Because the record sufficiently

_____

[1] We "review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). If § 3582(c)(2) applies, a district court's decision to grant or deny a sentence reduction is reviewed only for an abuse of discretion. *Id*. at 984 n.1.

[2] Aiken further argues he does not qualify as a career offender, and the district court's denial of his § 3582(c)(2) motion violated the Double Jeopardy Clause because Amendment 599 recognized that his sentence had resulted in unwarranted "duplicative punishment." Because

2

supports the district court's alternative basis for denying Aiken's motion, we need not determine whether Aiken was sentenced as a career offender. *See United States v. Keene*, 470 F.3d 1347, 1348–50 (11th Cir. 2006) (holding that where the district court states it would have imposed the same sentence, even absent the alleged error, we need only determine whether the district court's alternative reasoning was reasonable).

If a district court finds it has the authority to reduce a defendant's sentence under § 3582(c)(2), the court is specifically required to consider the § 3553(a) factors, as well as "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," in determining what, if any, reduction is warranted. U.S.S.G. § 1B1.10, cmt. n.1(B)(i)-(ii). Although not required to do so, the court also "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." *Id*. at cmt. n.1(B)(iii).

Even assuming *arguendo* that Aiken was not originally sentenced as a career offender—and is thus eligible for a sentence reduction under § 3582(c)(2)—the record supports the district court's alternative determination

---

these claims involve "extraneous resentencing issues," we do not address them on appeal. *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) (holding that § 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous resentencing issues").

3

that Aiken was not entitled to a sentence reduction. The record demonstrates that the pertinent resentencing factors—especially Aiken's demonstrated "history of extreme violence" under § 3553(a)—were reasonably taken into account. *See United States v. Vautier*, 144 F.3d 756, 762 (11th Cir. 1998)(noting that the district court is not required to "articulate specifically the applicability, if any, of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account"). In addition, even though the court was not required to consider Aiken's post-sentencing conduct, the court heard argument with regard to this factor, but ultimately decided there was no basis "to warrant any reduction whatsoever in [its] discretion." Aiken has not demonstrated that the district court abused its discretion in denying his § 3582(c)(2) motion.

**AFFIRMED.**