[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11901
Non-Argument Calendar
_____

D.C. Docket No. 4:00-cr-00176-BAE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEMEL STONE,
a.k.a. Satin Stone,
a.k.a. Teddy Blaze,
a.k.a. Satin Marshall,
a.k.a. Derrick Volt,
a.k.a. John Hatchet,
a.k.a. Freddie Reese,
a.k.a. B,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 10, 2013)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Jemel Stone, pro se, appeals the district court's denials of his motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines, and his subsequent motion for reconsideration, following his conviction for possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a).  The district court concluded that Stone qualified for a sentence reduction under § 3582(c)(2), but declined to reduce his sentence after consideration of the 18 U.S.C. § 3553(a) factors, noting that Stone attempted to sell cocaine base while in possession of a firearm and had a lengthy criminal history.

We review the district court's denial of a § 3582(c)(2) motion for an abuse of discretion.  United States v. James, 548 F.3d 983, 984 n.1 (11th Cir. 2008).  Under § 3582(c)(2), a court may reduce a defendant's sentence if the sentence was based on a sentencing range that has been subsequently lowered by the U.S. Sentencing Commission.  18 U.S.C. § 3582(c)(2).  In determining whether to reduce a sentence, the court must first recalculate the defendant's guidelines range under the amended guidelines and must then consider whether a reduction is warranted by the § 3553(a) factors.  United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000).  The court's power to reduce a defendant's sentence is discretionary.  United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).

2

The district court's order here demonstrates that it properly recalculated Stone's amended guidelines range and then properly considered the pertinent factors, including the nature and circumstances of the offense and Stone's criminal history.  See 18 U.S.C. § 3553(a).  The district court did not abuse its discretion by refusing to consider Stone's post-conviction rehabilitation, see U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)) ("The court may consider post-sentencing conduct of the defendant . . . ." (emphasis added)), and it adequately explained its reasons for denying Stone's motions.  Accordingly, we find the court did not commit a clear error in judgment by declining to reduce Stone's sentence and affirm the denial of Stone's motion for a sentence reduction and his motion for reconsideration.

**AFFIRMED.**