[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10222
Non-Argument Calendar

_____

D.C. Docket No. 4:91-cr-00176-BAE-GRS-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE GRAHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 12, 2014)

Before TJOFLAT, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jermaine Graham is a federal-prison inmate serving consecutive sentences,

imposed on January 19, 1992, of 360 months for conspiracy to possess with intent

to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846; and 60 months for use of a firearm in relation to that conspiracy, in violation of 18 U.S.C. § 924(c).  On November 6, 2013, he moved the District Court to reduce his 360-month sentence pursuant to 18 U.S.C. § 3582(c)(2).  The District Court denied his motion.  He appeals the ruling, arguing that the District Court abused its discretion in weighing the relevant purposes of sentencing set out in 18 U.S.C. § 3553(a)(2) and in continuing to require that the 60-month sentence run consecutively.

Pursuant to § 3582, a district court may modify a term of imprisonment that was based on a Guidelines sentence range that has subsequently been lowered by the United States Sentencing Commission.  18 U.S.C. § 3582(c)(2).  A § 3582(c)(2) proceeding does not constitute a de novo resentencing, and "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."  United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis omitted); see also U.S.S.G. § 1B1.10(b)(1) (providing that all other Guidelines application decisions remain unaffected).

Amendment 750 to the Guidelines amended the drug-quantity table in U.S.S.G. § 2D1.1(c) to reduce offense levels in crack-cocaine cases.  See U.S.S.G. app. C, amend. 750 (2011).  Amendment 750 was made retroactive by Amendment

2

759, effective November 1, 2011.  See id., amend. 759 (2011); see also U.S.S.G. § 1B1.10.

In deciding whether to apply a retroactive amendment to an eligible defendant, the district court must follow a two-step process: (1) first, the district court must determine what sentence it would have imposed after substituting the amended Guidelines range for the original Guidelines range; and (2) second, the district court must determine whether it will impose the newly calculated sentence or retain the original sentence.  United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).  Although the district court is required to complete both steps, the decision of whether to reduce an eligible defendant's sentence at all remains entirely discretionary.  Id.

In conducting the second step, the district court must first consider the statutory factors listed in 18 U.S.C. § 3553(a).  Bravo, 203 F.3d at 781; Vautier, 144 F.3d at 760; U.S.S.G. § 1B1.10 cmt. n.1(B)(i) (providing that the court "shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining" whether the reduction is warranted and the extent of the reduction).  Second, the district court must consider public safety.  See U.S.S.G. § 1B1.10 cmt. n.1(B)(ii) ("The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) Whether such a reduction is warranted; and (II)

3

the extent of such reduction, but only within the limits described in subsection (b).").  Third, the district court <u>may</u> consider the defendant's post-sentencing conduct that occurred after the original sentence was imposed.  <u>See</u> <u>id.</u> at cmt. n.1(B)(iii).

A district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  <u>See</u> 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  <u>Id.</u> § 3553(a)(1), (3)–(7).

We find no abuse of discretion in the District Court's denial of Graham's § 3582(c)(2) motion and in retaining Graham's original total sentence of imprisonment, 420 months.  Graham does not contend that the District Court erred in calculating his new Guidelines sentence range, as required by Amendment 750. The District Court fully considered the sentencing purposes set out in § 3553(a)(2),

4

the public's safety, and Graham's post-sentencing conduct; it found that those factors warranted the same sentence of 360 months it imposed for the conspiracy offense.  Section 924(c) required that the 60-month sentence be imposed consecutively, so the District Court lacked the authority to disturb that sentence.

AFFIRMED.