[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15215
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-21040-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIGAUD ANDRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 27, 2015)

Before JORDAN, JILL PRYOR, and COX, Circuit Judges.

PER CURIAM:

Rigaud Andre, appearing pro se, appeals the denial of his motion to reduce

his sentence pursuant to 18 U.S.C. § 3582(c)(2), which was based on Amendment

782 to the Sentencing Guidelines.  Andre contends that the district court erred in finding him accountable for importing eight kilograms of cocaine when it recalculated his guideline range, and that the court relied on evidence that lacked credibility when the court concluded that he lied at sentencing, resulting in an incorrect guideline calculation.  He also argues that the district court failed to adequately consider the 18 U.S.C. § 3553(a) sentencing factors, particularly that he was not a threat to the public given his deportation status.

We review for abuse of discretion a district court's decision whether to reduce a sentence based on a subsequent change in the sentencing guidelines pursuant to 18 U.S.C. § 3582(c)(2).  *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003).  A district court has discretion to reduce the imprisonment term if a defendant's sentence is based on a sentencing range that was later lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Amendment 782 reduced by two levels the base offense levels that apply to most drug offenses.  U.S.S.G. App. C, Amend. 782 (2014).

A district court must follow a two-step process in ruling on a Section 3582(c)(2) motion.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the court must recalculate the defendant's sentence by "substituting the amended guideline range for the originally applied guideline range."  *Id.*  In other words, "the court shall determine the amended guideline range that would have

2

been applicable to the defendant if the amendment . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). "All other guideline application decisions made during the original sentencing remain intact." *Bravo*, 203 F.3d at 780 (quotation omitted).

Second, the court must decide whether, in its discretion and in light of the Section 3553(a) sentencing factors, to retain the original sentence or to resentence the defendant under the amended guideline range. *Id.* at 781; *see also United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment [under Section 3582(c)(2) ] is unambiguously discretionary."). A district court does not abuse its discretion by considering evidence from the defendant's original sentencing hearing when ruling on a Section 3582 motion, although it must leave all previous factual determinations intact. *Vautier*, 144 F.3d at 763 n.8. The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to adequately deter criminal conduct, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (2)(A)-(C).

The district court did not abuse its discretion by denying Andre's Section 3582 motion. First, the original drug quantity determination made at Andre's

original sentencing must remain intact, along with the court's removal of the reduction for acceptance of responsibility after the court found that he lied. The court must simply substitute the new amended guideline range for the old one. *Bravo*, 203 F.3d at 780. Second, the district court correctly recalculated Andre's advisory guideline range. Third, the court explicitly said that it had considered the 18 U.S.C. Section 3553(a) factors when it concluded that a Section 3582 reduction was not warranted. And, the court specifically indicated that reducing his sentence would not promote respect for the law or afford adequate deterrence. The court's factual determination regarding Andre's veracity at sentencing could not be changed, and the court did not abuse its discretion by considering this original sentencing determination and applying it to the analysis of Andre's Section 3582 motion and the application of the Section 3553(a) factors. *Vautier*, 144 F.3d at 763 n.8. Although Andre argues that his deportation status weighs heavily in favor of granting his Section 3582 motion, the court said that it had taken note of Andre's immigration status but found that it did not outweigh the other factors that favored retaining Andre's original sentence. 18 U.S.C. § 3553(a)(1), (2)(A)-(C). The district court did not abuse its discretion. We affirm the district court's denial of Andre's Section 3582(c)(2) motion.

AFFIRMED.